The STATE of Ohio, Appellee,

v.

COLA, Appellant.

[Cite as *State v. Cola* (1992), 76 Ohio App.3d 840.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62233.

Decided Feb. 24, 1992.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Michael P. Maloney,* Assistant Prosecuting Attorney, for appellee.

*Phillip A. Lawrence* and *James C. Wrentmore,* for appellant.

*Per Curiam.*

Appellant, Albert J. Cola, appeals from the order of the trial court denying his motion for return of seized property. For the reasons set forth below, we reverse.

I

On May 16, 1988, appellant was indicted for one count of possession of cocaine in violation of R.C. 2925.03. Appellant eventually pleaded guilty to one count of attempted trafficking in drugs, a first degree misdemeanor and was fined $150. On May 30, 1989, appellant filed a "Motion for Return of Seized Property," to wit: $3,134 in cash, personal papers, and a firearm, all of which were confiscated at the time of his arrest.

On July 18, 1991, the trial court overruled appellant's motion for return of seized property. This appeal timely follows.

## II

Appellant asserts the following as his sole assignment of error:

"The trial court erred to the prejudice of the defendant-appellant, Albert Cola, by denying his motion for return of seized property."

R.C. 2933.42 and 2933.43 provide that the state shall seize personal property of a defendant where that property is associated with the commission of a felony. Appellant was arrested on felony charges, but pleaded guilty to a misdemeanor. His actions do not, therefore, fall under the purview of the forfeiture statute.

Furthermore, R.C. 2933.43 provides in pertinent part:

"(C) The prosecuting attorney, village solicitor, city director of law, or similar chief legal officer who has responsibility for the prosecution of the underlying criminal case or administrative proceeding, or the attorney general if the attorney general has that responsibility, shall file a petition for the forfeiture, to the seizing law enforcement agency, of the contraband seized pursuant to division (A) of this section. The petition shall be filed in the court that has jurisdiction over the underlying criminal case or administrative proceeding involved in the forfeiture."

This petition must be filed within a reasonable time after the seizure of the property. *State v. Baumholtz* (1990), 50 Ohio St.3d 198, 553 N.E.2d 635. No petition for the forfeiture of appellant's personal property has been filed in this case. Therefore, we find that appellant's assignment of error is well taken.

*Judgment reversed.*

John F. Corrigan, P.J., Patton and Spellacy, JJ., concur.