The STATE of Ohio, Appellee,

v.

GLADDEN, Appellant.

[Cite as *State v. Gladden* (1993), 86 Ohio App.3d 287.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920121.

Decided Feb. 10, 1993.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Christian J. Schaefer*, Assistant Prosecuting Attorney, for appellee.

*Teresa L. Cunningham*, for appellant.

*Per Curiam.*

In July 1991, defendant-appellant Paul Gladden, while driving through the city of Blue Ash, was arrested and charged with drug abuse for possessing crack cocaine, which was found under the passenger seat of his automobile. Pursuant to a plea agreement, the prosecutor reduced the charge to attempted drug abuse, a misdemeanor of the first degree pursuant to R.C. 2923.02, in exchange for appellant's forfeiture of his automobile. Appellant pleaded guilty to the reduced

charge and was sentenced to six months' non-reporting probation and fined $10. An order granting forfeiture of the automobile was subsequently entered.

Appellant appealed from the trial court's granting of the forfeiture of his automobile and now raises five assignments of error for our review.

■ In the first assignment of error appellant asserts that "the trial court erred in forfeiting appellant's automobile because he was convicted of a misdemeanor and the statutory guidelines require a felony conviction." This assignment is not well taken.

Appellant correctly states that a felony conviction is required in order for R.C. 2933.42(B) contraband to be forfeited pursuant to R.C. 2933.43. See *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 569 N.E.2d 916; *State v. Cola* (1992), 76 Ohio App.3d 840, 603 N.E.2d 405. However, it is clear from the record *sub judice* that the forfeiture of appellant's automobile resulted from a plea agreement whereby the felony charge of drug abuse was reduced to the misdemeanor charge of attempted drug abuse in exchange for appellant's plea of guilty to the reduced charge and his forfeiture of the automobile that was confiscated at the time of his arrest. The relinquishment of ownership in the automobile, then, was not effectuated by operation of the statutory provisions governing the forfeiture of contraband, but rather by the parties' agreement. Absent any statutory language or authority indicating that property involved in illegal drug activities may only be relinquished pursuant to statutory provisions, we conclude that the forfeiture of appellant's automobile was lawful despite the fact that appellant pleaded guilty to a misdemeanor and not a felony. The first assignment of error is accordingly overruled.

■ The second and third assignments of error, which essentially allege that the failure to follow the statutory mandates resulted in violations of due process rights, are also overruled. We have just concluded that appellant's relinquishment of the automobile did not fall under the purview of the forfeiture statutes, thus rendering adherence to the procedural requirements associated with forfeitures pursuant to R.C. 2933.43 unnecessary. Moreover, it cannot be said that appellant's due process rights were violated because by entering into the plea agreement appellant clearly had notice of and agreed to the forfeiture of his property.

The fourth assignment of error is overruled. Contrary to appellant's assertions, the forfeiture in the instant case was not an "additional penalty of the underlying misdemeanor," and did not violate double jeopardy protections. Rather, as discussed *supra*, the forfeiture constituted part of a plea agreement which appellant chose to negotiate in exchange for the reduced charge.

The fifth and final assignment of error, wherein appellant urges us to sever as illegal the forfeiture provision from the plea agreement but to uphold the remainder of the agreement which reduces the charge to a misdemeanor, is untenable.

We have already determined that noncompliance with the procedural mandates of R.C. 2933.42 and 2933.43 did not affect the validity of the parties' plea agreement and that appellant's due process rights have not been violated by the plea bargain's condition that appellant forfeit his automobile. Moreover, the record reflects that appellant knowingly and voluntarily agreed to the terms of the plea arrangement. Therefore, we see no reason to deem the forfeiture provision unlawful in light of our foregoing conclusions and the fact that the automobile was involved in appellant's illegal drug activities and could have been deemed contraband subject to forfeiture under R.C. 2933.42 had the plea agreement reducing the offense to a misdemeanor not been reached between the parties. The fifth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., HILDEBRANDT and GORMAN, JJ., concur.