DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Larry R. Hensley, appeals pro se the decision of the Lorain County Court of Common Pleas which denied his motion for return of seized property and his motion to expedite that original motion for return of seized property. We affirm.
 I. {¶ 2} On November 2, 1999, the Amherst Police executed a search warrant upon Appellant's home, seizing various items of property related to an alleged financial scam Appellant was operating. The police also executed a second search warrant on Appellant's home in June 2000 and seized more property relating to the same alleged scam.
 {¶ 3} That same month, the Lorain County Grand Jury indicted Appellant with one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, and one count of possession of criminal tools, in violation of R.C. 2923.24. A month later, the grand jury filed a supplemental indictment against Appellant for an additional one count of engaging in a pattern of corrupt activity and one count of possession of criminal tools.
 {¶ 4} Appellant entered a no contest plea on December 5, 2000. A signed plea sheet entered on the record indicated that "[a]ll property, money and/or evidence held by the State of Ohio or any police department [was thereby] forfeited to the State as a condition of [Appellant's] plea." The trial court sentenced Appellant to five years in prison, and $3,200.00 in fines. Appellant initially appealed his sentence and conviction on ten different grounds. His original appeal made no mention of the validity of his plea or the property forfeited to the State under that plea. This Court affirmed his convictions and sentence on September 12, 2001.
 {¶ 5} On December 20, 2002, Appellant filed a motion for return of seized property. After disposing of a separate untimely petition for post-conviction relief, filed by Appellant prior to his motion for return of seized property, the court denied Appellant's motion on August 16, 2003. Appellant timely appealed, raising one assignment of error.
 II. Assignment of Error "The trial court erred, and to the prejudice of appellant, bydenying his motion for return of his seized property, when thecourt did not order the forfeiture of any property by appellantat his sentencing in violation of Article I, Section 10 and 16 ofthe Ohio Constitution, and the Sixth and Fourteenth Amendments ofthe United States Consitution."
 {¶ 6} In his only assignment of error, Appellant argues that the trial court erred when it denied his motion for return of seized property. Specifically, Appellant contends that the trial court erred in five particular ways by: (1) failing to order any forfeiture of property at his sentencing hearing, (2) failing to follow statutory procedures in place regarding forfeiture, (3) ignoring that a plea agreement was never made, (4) ignoring that the State never requested forfeiture of property in this case, and (5) failing to explain to Appellant that his property would be forfeited as a result of his plea.
 {¶ 7} Where a defendant enters into a plea agreement, and clearly has notice of and agreed to forfeiture of his property, the procedural requirements under R.C. 2933.43 need not be followed in order to comport with due process. State v. Harper
(1996), 9th Dist. No. 17570, at 2, citing State v. Gladden
(1993), 86 Ohio App.3d 287, 289. Because relinquishment of the ownership of property in such a case is effectuated by a plea agreement, and not under statutory provisions governing forfeiture, adherence to statutory forfeiture procedure is unnecessary. See Harper, supra, at 2, citing Gladden,86 Ohio App.3d at 289.
 {¶ 8} In the case at bar, Appellant had notice of the forfeiture of his property, and agreed to that forfeiture in his plea. The plea sheet specifically stated that "[a]ll property, money and/or evidence held by the State of Ohio or any police department is hereby forfeited to the State as a condition of [Appellant's] plea." Appellant wrote "yes" on a blank line next to this statement, and signed the plea sheet a few lines below it. Appellant, therefore, had clear notice that he was forfeiting his property and waived application of the statutory provisions governing forfeiture procedure. See Harper, supra, at 2. Accordingly, we overrule Appellant's assignment of error as it relates to the failure to follow statutory procedure regarding forfeiture.
 {¶ 9} Appellant also, apparently, argues that his plea was not entered into knowingly, voluntarily or intelligently because he did not understand that his seized property and money was subject to forfeiture.
"[A] convicted defendant is precluded under the doctrine ofres judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that * * * could have been raised by the defendant * * * on appeal from that judgment." State v.Szefcyk, 77 Ohio St.3d 93, 96, 1996-Ohio-337.
 {¶ 10} Appellant could have raised the validity of his plea on direct appeal and failed to do so. This issue, therefore, is barred by the doctrine of res judicata. See id. We overrule the remainder of Appellant's assignment of error.
 III. {¶ 11} We overrule Appellant's assignment of error and affirm the decision of the Lorain County Court of Common Pleas.
Judgment affirmed.
Batchelder, J., Concurs.
Carr, P.J., Concurs in judgment only