DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Aden D. Fogel, appeals the order of the Lorain County Court of Common Pleas directing that money seized from and forfeited by Defendant be deposited into the Lorain County Drug Task Force and the Lorain County Prosecutor's Office trust accounts. We affirm.
 {¶ 2} In November of 2002, the Lorain County Drug Task Force and Ohio Adult Parole Authority arrested Defendant and seized some of his personal property pursuant to a search of Defendant's residence. On December 10, 2002, Defendant was indicted for possession of cocaine, a violation of R.C. 2925.11(A), trafficking in drugs, a violation of R.C. 2925.03(A), and possessing drug abuse instruments, a violation of R.C.2925.12(A).
 {¶ 3} On July 9, 2003, Defendant entered a plea of guilty as to all counts in the indictment. Defendant signed a plea sheet, stating he agreed that: "All property, money and/or evidence held by the State of Ohio or any police department is hereby forfeited to the State as a condition of this plea."
 {¶ 4} Defendant was sentenced on July 10, 2003, to a term of five years incarceration on count one, one year on count two, and thirty days on count three. On February 2, 2004, a forfeiture hearing was held. Defendant was not present and was not given notice of the hearing. $4,270 in cash, two cameras, an electronic gram scale, and a scanner were forfeited.
 {¶ 5} Defendant now seeks return of his forfeited property. On March 23, 2004, he filed a motion in the trial court alleging unlawful seizure and moved for return of the property pursuant to R.C. 2925.45. The trial court granted Defendant's motion in part and on April 28, 2004, returned to Defendant's attorney a computer system, photographs, and films. The seized cash, cameras, scale and scanner were not returned. Defendant appeals the decision of the trial court, raising four assignments of error for our review. For ease of discussion, we will review all four assignments of error together.
 ASSIGNMENT OF ERROR I
"[Defendant] was denied his right to due process provided in the Ohio Constitution Article I, Section 10 and Section 16 and the Fourteenth Amendment of the United States Constitution when the trial court entered an order granting motion to return property but only a partial return of said property."
 ASSIGNMENT OF ERROR II
"[Defendant] was denied his right to due process provided in the Ohio Constitution Article I, Section 10 and Section 16 and the Fourteenth Amendment of the United States Constitution, when the State and the trial court sought criminal forfeiture of seized property without the required specifications in the criminal indictment."
 ASSIGNMENT OF ERROR III:
"[Defendant] was denied his right to due process provided in the Ohio Constitution Article I, Section 10 and Section 16 and the Fourteenth Amendment of the United States Constitution when the State and trial court held a criminal forfeiture hearing beyond the prescribed time period."
 ASSIGNMENT OF ERROR IV:
"[Defendant] was denied his right to due process provided in the Ohio Constitution Article I, Section 10 and Section 16 and the Fourteenth Amendment of the United States Constitution when the State and the trial court held a forfeiture hearing without serving the required notification and outside of [Defendant's] presence."
 {¶ 6} In each assignment of error, Defendant claims that the trial court unlawfully seized his property in violation of his right to due process. He claims that he is entitled to a return of the forfeited, seized property due to the State's failure to comply with the Ohio Revised Code requirements. We disagree.
 {¶ 7} In State v. Hensley, 9th Dist. No. 03CA0008356, 2004-Ohio-2664, at ¶ 7, this court held that adherence to statutory forfeiture procedures is unnecessary if there is a signed plea agreement, such as the one in the instant case, Court of Appeals of Ohio, Ninth Judicial District acknowledging that, as a condition of the plea, property seized by the state is forfeited.
"Where a defendant enters into a plea agreement, and clearly has notice of and agreed to forfeiture of his property, the procedural requirements under R.C. 2933.43 need not be followed in order to comport with due process. Because relinquishment of the ownership of property in such a case is effectuated by a plea agreement, and not under statutory provisions governing forfeiture, adherence to statutory forfeiture procedure is unnecessary." (Internal citations omitted.) Id.
 {¶ 8} In the instant case, Defendant had clear notice of the forfeiture of his property. The plea sheet that Defendant signed stated specifically that "[a]ll property, money and/or evidence held by the State of Ohio or any police department is hereby forfeited to the State as a condition of this plea." Defendant agreed to the forfeiture in his plea; he wrote "yes" next to the above statement and he and his attorney signed their names a few lines below.
 {¶ 9} The forfeiture of Defendant's property was not "effectuated by operation of the statutory provisions governing the forfeiture of contraband, but rather by the parties' agreement." State v. Harper (Feb. 28, 1996), 9th Dist. No. 17570, at 2, citing State v. Gladden (1993),86 Ohio App.3d 287,289. Since the parties' agreement governs the forfeiture of Defendant's property, adherence to forfeiture procedures laid out in the Ohio Revised Code, including the time and notice requirements of R.C. 2933.43, was unnecessary. Harper, supra, at 2.
 {¶ 10} When Defendant entered his plea, he voluntarily agreed to the forfeiture of his property, therefore, contrary to his assertions, his due process rights were not violated. SeeGladden, 86 Ohio App.3d at 289. Accordingly, we overrule Defendant's four assignments of error and affirm the decision of the Lorain County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Boyle, J., Concur.