OPINION
{¶ 1} Defendant-appellant Robert Thompson [hereinafter appellant] appeals from his conviction and sentence in the Fairfield County Municipal Court on one count of operating a gambling house, in violation of R.C. 2915.02. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 14, 2003, officers of the Fairfield County Major Crimes Unit Task Force began an investigation of appellant as a result of allegations made by a confidential informant who will be referred to as "Bob" for purposes of this appeal. Bob had contacted local law enforcement and asserted that appellant was in the business of operating a casino at his home and taking bets on sporting events. On January 17, 2003, the officers of the Major Crimes Unit Task Force recorded a conversation between Bob and appellant. In that conversation, Bob paid money to appellant for a gambling debt and appellant and Bob discussed the possibility of Bob placing a bet on a football game the following Sunday. Bob also inquired about the point spread of that game, playing blackjack and playing billiards.
 {¶ 3} Based upon that conversation and statements by the confidential informant, Detective John James, a detective with the Fairfield County Sheriff's office, assigned to the Major Crimes Unit for Fairfield and Hocking Counties, prepared an affidavit and requested a search warrant for appellant's residence. The warrant was issued by the Fairfield County Municipal Court.
 {¶ 4} Following a controlled recorded phone conversation between appellant and Bob, the detectives of the Major Crimes Task Force with the assistance of a Special Response Team [SRT], raided appellant's residence, including a pole barn. In the pole barn, the officers found people playing blackjack at a casino-type blackjack table. Appellant was at the dealer's position at the blackjack table while four or five people were playing at the table using chips. The interior of the pole barn looked just like a bar and had multiple pool tables, TVs, a slot machine and professional coolers behind a bar with pop, beer and liquor.
 {¶ 5} There was a safe in a back room of the pole barn which contained approximately $4,000 to $5,000. Appellant admitted that the money in the safe in the pole barn was the proceeds from the gambling operation. Another safe was found in appellant's bedroom in his home. A total of $6,398.00 in currency from the two safes and several other items were seized from the house and pole barn.
 {¶ 6} At first, appellant denied any wrongdoing but later, according to Special Agent Dennis Lome of the Ohio Bureau of Criminal Investigation, appellant admitted that he was running a blackjack game in which he acted as the house and that he took a profit or loss from the games. Appellant also admitted to bookmaking (taking bets on football games) and that the slot machine was played by people but that he did not make much money off of it.
 {¶ 7} On February 25, 2003, appellant was charged with one count of operating a gambling house, in violation of R.C.2915.02.
 {¶ 8} On August 9, 2003, appellant submitted a Motion to Suppress all of the evidence obtained pursuant to the search warrant. Appellant asserted that the search warrant was invalid as there was not sufficient probable cause to obtain such a search warrant. Following a hearing on the motion to suppress, the trial court denied the motion, finding that there was probable cause to issue the warrant.
 {¶ 9} On October 28 and 29, 2003, the trial court conducted a jury trial. At the trial, the trial court admitted into evidence various items seized from appellant's home including $6,398.00. Upon deliberation, the jury found appellant guilty of one count of operating a gambling house. The trial court sentenced appellant to a maximum fine of $1,000.00 and 90 days in the county jail, with 80 days suspended. In addition, the trial court ordered the $6,398.00 to be forfeited to the State.
 {¶ 10} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 11} "I. The trial court erred to the prejudice of the defendant when the trial court denied the appelant's motion to suppress, upholding the search warrant, which was improperly obtained and issued without probable cause.
 {¶ 12} "II. The trial court erred to the prejudice of the defendant when it allowed the admission of the evidence at trial, which was obtained during the execution of an invalid and void search warrant in violation of the defendant's fourth amendment rights concerning illegal search and seizure and Ohio criminal rule 41.
 {¶ 13} "III. The trial court erred to the prejudice of the defendant by ordering the forfeiture of $6,350.00 in cash seized from the appellant's property, without conducting a separate forfeiture hearing, outside of the trial.
 {¶ 14} "IV. The trial court erred to the prejudice of the appellant by ordering the forfeiture of $6,350.00 in cash seized from the defendant's home, when there was insufficient evidence at the trial to support the court's finding that said funds were contraband and subject to forfeiture.
 {¶ 15} "V. The trial court erred to the prejudice of the appellant by ordering the forfeiture of $6,350.00 in cash seized from the defendant's home, when such forfeiture amounts to an excessive fine in violation of the appellant's eighth amendment rights pursuant to the united states constitution and the Ohio constitution."
 I {¶ 16} In the first assignment of error, appellant contends that the trial court erred when it denied appellant's motion to suppress based on its finding that there was probable cause to issue the search warrant. Specifically, appellant contends that the affidavit did not show that the affiant attempted to determine the informant's credibility. Appellant asserts that this is especially important since the informant had never provided information before and had a felony conviction. We disagree.
 {¶ 17} A search warrant may be issued upon a showing of probable cause, based upon the totality of the circumstances presented in the affidavit. State v. George, 45 Ohio St.3d 325,327, 544 N.E.2d 640. "Probable cause means the existence of evidence, less than the evidence that would justify condemnation, such as proof beyond a reasonable doubt or by a preponderance; in other words, probable cause is the existence of circumstances that warrant suspicion." State v. Young, 146 Ohio App.3d 245,2001-Ohio-4284, 765 N.E.2d 938. Consequently, the standard for probable cause does not require a prima facie showing of criminal activity; rather, the standard requires "only a showing that a probability of criminal activity exists." Id.
 {¶ 18} In determining the sufficiency of probable cause in an affidavit, the issuing magistrate or judge must make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."State v. George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus (quoting Illinois v. Gates
(1983), 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527). "A common and acceptable basis for the informant's information is his personal observation of the facts or events described to the affiant. . . . These observations may be given added weight by the extent of the description or by corroborative police surveillance and information." State v. Karr (1975),44 Ohio St.2d 163, 165, 339 N.E.2d 641.
 {¶ 19} In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a trial court, an appellate court should not substitute its judgment for that of the trial court by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the trial court had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant appellate courts should accord great deference to the trial court's determination of probable cause, and doubtful or marginal cases should be resolved in favor of upholding the warrant. George, supra, at paragraph two of the syllabus (citing Gates, supra, at 213).
 {¶ 20} In this case, the affidavit presented by Detective John K. James stated the following:
 {¶ 21} "On January 14th, 2003, a confidential source of the Fairfield-Hocking Major Crimes Unit, whose identity shall not be disclosed as your Affiant will certify that in the event the informant's identity is known, said informant would be subject to physical harm, contacted Sheriff Dave Phalen of Fairfield County regarding a house of gambling located at 13319 Basil Road, Baltimore, Ohio. The confidential source advised Sheriff Phalen that the owner of the residence, Robert Thompson, Jr., has video gambling machines, Black Jack tables, and Thompson Jr. acting as the house, takes bets on sporting events, including football games. The confidential source stated that Robert Thompson, Jr. runs games of chance and Thompson benefits from other peoples [sic] losses. In addition, the confidential source advised that he/she was in debt to Robert Thompson Jr. for monies lost while gambling at Robert Thompson's residence. The confidential source also stated that the casino style games are located in a pole barn south of Thompson's house located on the same property, and most of the gambling activity occurs inside the pole barn on Sunday afternoon through late Sunday night. Further, the confidential source stated that Robert Thompson Jr. keeps betting slips inside his residence. . . .
 {¶ 22} "Prior to January 19th, 2003, the aforementioned confidential source, whose identity shall not be disclosed as your Affiant will certify that in the event the informant's identity is known, said informant could be subject to physical harm, was equipped with a listening device and, under controlled circumstances, made personal contact with Robert Thompson, Jr. at 13319 Basil Road, Baltimore, Ohio. The confidential source paid a sum of money to Thompson for a gambling debt that the confidential source lost while gambling at Thompson's residence on a prior date. Thompson and the confidential source talked about the confidential source placing a bet on the N.F.L. championship games being played Sunday, January 19th, 2003. Thompson stated that he would be taking bets and the confidential source advised Thompson that he/she would call him after the "point spread" came out. Thompson openly spoke to the confidential source regarding other individuals gambling at his residence and losing money."
 {¶ 23} "On January 19th, 2003, the aforementioned confidential source will make a controlled recorded phone call to Robert Thompson, Jr. at his residence to place a bet on the Philadelphia Eagles vs Tampa Bay Buccaneers football game scheduled to start at 3:00 pm on Sunday, January 19th, 2003. The confidential source will also ascertain from Thompson, Jr. whether or not he is operating casino-style gambling during the football games. Your Affiant requests the search warrant at 13319 Basil Road, Baltimore, Ohio be executed only if the confidential informant makes the recorded phone call and places a bet with Robert Thompson, Jr."
 {¶ 24} At this point, we will note that the State argues that this warrant was an anticipatory warrant, based upon the affiant's assertion in the affidavit and at the hearing on the motion to suppress that the affiant was specifically requesting an anticipatory warrant which would be premised upon a call to appellant by the informant.[1]
 {¶ 25} This court has not considered the validity of an anticipatory search warrant and we find that we need not address this issue herein. Although the Detective requested an anticipatory search warrant, the court did not issue an anticipatory warrant. The warrant simply states as follows: "I hereby command you to search within the jurisdiction of this Court in Fairfield County, Ohio, within (3) days, the: Person and/or Place of: The residence of Robert Thompson, Jr. located at 13319 Basil Road, Baltimore, Ohio. . . ." Thus, this court will review the warrant as issued and not consider the portion of the affidavit that concerns the anticipated events that had not yet occurred.
 {¶ 26} The informant who provided affiant with much of the information contained in the affidavit was not named. However, the information provided by this informant was the result of his own personal observations. In addition, the police corroborated the informant's information by listening as the informant spoke with appellant regarding money the informant owed to appellant as a gambling debt and about future gambling operations.
 {¶ 27} Because the informant had personal knowledge of the gambling and the informant's information was corroborated by the police, we conclude that the affidavit was sufficient to establish probable cause for the issuance of the search warrant. See State v. Gornall, Delaware App. 80-CA-15, 1981 WL 6252.
 {¶ 28} Based upon the foregoing, appellant's first assignment of error is overruled.
 II {¶ 29} In the second assignment of error, appellant argues that the trial court committed reversible error when it allowed evidence improperly seized during the execution of the search warrant to be admitted at trial. Since this court has found that the search warrant was based upon a showing of probable cause, we find this assignment of error to be without merit.
 {¶ 30} Appellant's second assignment of error is overruled.
 III {¶ 31} In the third assignment of error, appellant contends that the trial court committed reversible error when it ordered the forfeiture of $6,350.00 seized during the execution of the search warrant.[2] We agree.
 {¶ 32} Forfeitures are not favored in law or equity and statutory provisions must, therefore, be strictly construed.State ex rel. Lukens v. Industrial Commission (1994),143 Ohio St. 609, 56 N.E.2d 216. Revised Code 2933.43(C) requires that a forfeiture hearing be conducted before contraband, in this case, money, be forfeited to the State. That statue lays out very specific steps to be followed to order a forfeiture.[3]
 {¶ 33} The record shows that the requirements of R.C.2933.43(C) were not met. In fact, the record before this Court does not reflect that even a petition was filed to begin the proceedings that could have led to the forfeiture of the monies.[4] When a prosecutor fails to file a forfeiture petition, there is no possibility that forfeiture can be ordered, unless part of a plea agreement in which the defendant has notice and agrees to the forfeiture. Thomas v. Cleveland (2000),140 Ohio App.3d 136, 141, 746 N.E.2d 1130; State v. Gladden (1993),86 Ohio App.3d 287, 289, 620 N.E.2d 947.
 {¶ 34} Accordingly, appellant's third assignment of error is sustained.
 IV V {¶ 35} In the fourth assignment of error, appellant contends that the trial court erred when the trial court ordered the forfeiture of the $6,350.00[5] in cash when there was insufficient evidence to support a finding that the cash was contraband. In the fifth assignment of error, appellant contends that the trial court erred when it ordered a forfeiture of $6,350.00 when that forfeiture amounted to an excessive fine in violation of appellant's eighth amendment rights under the United States Constitution and Ohio Constitution.
 {¶ 36} Pursuant to our holding in assignment of error III, we find the assignments of error IV and V are moot.
 {¶ 37} The judgment of the Fairfield County Municipal Court is affirmed, in part, and reversed and vacated, in part. Specifically, appellant's conviction is affirmed and the forfeiture not ordered in accordance with R.C. 2933.43 is reversed. The portion of the sentencing entry which ordered the forfeiture of $6,398.00 is vacated.
Edwards, J., Gwin, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed in part and reversed and vacated, in part. The portion of the sentencing which ordered the forfeiture of $6,398.00 is vacated. Costs assessed to appellant.
[1] In State v. Nathan, Montgomery App. No. 18911, 2001-Ohio-1826, the Second Appellate District discussed anticipatory search warrants:
"When the evidence to be seized is not yet at the place to be searched, probable cause to presently search cannot be said to exist. Nevertheless, when the facts presented to the issuing magistrate demonstrate that the evidence to be seized is on a sure and irreversible course toward the place to be searched, an "anticipatory warrant" may issue on a showing of probable cause that at some future time, though not presently, evidence of a crime will be located at a specific place to be searched. Statev. Folk (1991), 74 Ohio App.3d 468, 599 N.E.2d 334."
[2] Although appellant alleges the forfeiture of $6,350.00, the sentencing entry actually orders the forfeiture of $6,398.00.
[3] R.C. 2933.43(C) states as follows, in pertinent part:
 "The prosecuting attorney . . . who has responsibility for the prosecution of the underlying criminal case . . . shall file a petition for the forfeiture, to the seizing law enforcement agency of the contraband seized pursuant to division (A) of this section. The petition shall be filed in the court that has jurisdiction over the underlying criminal case. . . .
 "The petitioner shall conduct or cause to be conducted a search of the appropriate public records that relate to the seized property for the purpose of determining, and shall make or cause to be made reasonably diligent inquiries for the purpose of determining, any person having an ownership or security interest in the property. The petitioner then shall give notice of the forfeiture proceedings . . . to any persons known, because of the conduct of the search, the making of the inquiries, or otherwise, to have an ownership or security interest in the property, and shall publish notice of the proceedings . . . The notices shall be personally served, mailed, and first published at least four weeks before the hearing. They shall describe the property seized; state the date and place of seizure; name the law enforcement agency that seized the property and, if applicable, that is holding the property; list the time, date, and place of the hearing; and state that any person having an ownership or security interest in the property may contest the forfeiture.
 "If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense . . ., no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of, or an attempt or conspiracy to commit, the offense or a different offense arising out of the same facts and circumstances . . .; a forfeiture hearing shall be held in a case of that nature no later than forty-five days after the conviction . . ., unless the time for the hearing is extended by the court for good cause shown . . .
 "If the property seized was determined by the seizing law enforcement officer to be contraband other than because of a relationship to an underlying criminal offense . . ., the forfeiture hearing under this section shall be held no later than forty-five days after the seizure, unless the time for the hearing is extended by the court for good cause shown . . .
 "When a hearing is conducted under this section, property shall be forfeited upon a showing, by a preponderance of the evidence, by the petitioner that the person from which the property was seized was in violation of division (A) of section 2933.42 of the Revised Code. If that showing is made, the court shall issue an order of forfeiture. . . ."
[4] These petitions are normally in a separate case and thus, the forfeitures are generally ordered in those separate cases.
[5] Although assignments of error IV and V allege the forfeiture of $6,350.00, the trial court's sentencing entry actually orders the forfeiture of $6,398.00.