ACCELERATED DOCKET
JOURNAL ENTRY AND OPINION
This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the Cuyahoga County Court of Common Pleas and the parties' briefs.
The record before us demonstrates that on October 28, 1996, defendant-appellant Aden D. Fogel was indicted by the Cuyahoga Grand Jury on one count of felony possession of criminal tools. On April 11, 1997, after negotiations with the State, appellant pleaded guilty to an amended misdemeanor count of attempted possession of criminal tools. On April 24, 1997, the trial court issued an order of forfeiture, wherein it stated that appellant voluntarily forfeited the evidence seized from him by the police. No appeal was taken from that entry.
On October 23, 1997, appellant filed a motion for return of seized property, which the trial court denied on November 10, 1997. No appeal was taken from that entry.
On February 4, 2005, appellant filed another motion for return of seized property, which the trial court again denied on August 23, 2005. Appellant now appeals pro se. For the reasons that follow, we affirm.
In his six assignments of error, appellant contends that he was denied various constitutional rights by the State's failure to comply with the requirements of R.C. 2933.43, the forfeiture statute. Specifically, appellant claims that his double jeopardy rights were violated by the State's failure to seek forfeiture of the property prior to sentencing; that the State forfeited the property in violation of his due process rights because forfeiture applies to a felony, rather than a misdemeanor, conviction; that the State forfeited the property in violation of his due process rights because the indictment did not contain a forfeiture specification; that the State forfeited the property without a determination of whether the forfeiture constituted an excessive fine; that he was denied his due process rights because the forfeiture hearing was held without him; and that he was denied his due process rights because he was not notified of the forfeiture hearing.
Initially, we note that appellant failed to appeal the April 24, 1997 order of forfeiture and, therefore, his arguments are barred by the doctrine of res judicata. See State v. Perry
(1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104.
Moreover, while it appears, as the State argues, that the forfeiture in this case was done in exchange for the State reducing the indicted offense from a felony to a misdemeanor, appellant has failed to make the change of plea hearing transcript part of the record for our review. "It is well-established that the duty to provide a transcript for appellate review falls upon the appellant. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. In the absence of the change of plea hearing transcript, we must presume the regularity of the proceeding. Id., supra.
We note, however, that if the forfeiture in this case were part of appellant's negotiated plea agreement, it was valid. In addressing negotiated pleas which include voluntary forfeiture, this court has stated that "[b]y entering into a plea arrangement, and voluntarily relinquishing the forfeited property, [appellant] waived any procedural or due process right with respect to the forfeiture order." State v. Smith (1997),117 Ohio App.3d 656; 691 N.E.2d 324, citing State v. Wyley
(Oct. 20, 1994), Cuyahoga App. No. 66163; State v. McGowan
(Nov. 10, 1993), Cuyahoga App. No. 62465; and State v.Gloeckner (Mar. 21, 1994), Meigs App. No. 520.
Moreover, it has been held that an agreed forfeiture does not violate double jeopardy protections. State v. Gladden (1993), Ohio App.3d 287. Gladden also addressed the lawfulness of a forfeiture in a situation, such as here, where a defendant's plea is to a misdemeanor rather than a felony:
"Appellant correctly states that a felony conviction is required in order for R.C. 2933.42(B) contraband to be forfeited pursuant to R.C. 2933.43. See State v. Casalicchio (1991),58 Ohio St.3d 178, 569 N.E.2d 916; State v. Cola (1992),76 Ohio App.3d 840, 603 N.E.2d 405. However, it is clear from the record sub judice that the forfeiture of appellant's automobile resulted from a plea agreement whereby the felony charge of drug abuse was reduced to the misdemeanor charge of attempted drug abuse in exchange for appellant's plea of guilty to the reduced charge and his forfeiture of the automobile that was confiscated at the time of his arrest. The relinquishment of ownership in the automobile, then, was not effectuated by operation of the statutory provisions governing the forfeiture of contraband, but rather by the parties' agreement. Absent any statutory language or authority indicating that property involved in illegal drug activities may only be relinquished pursuant to statutory provisions, we conclude that the forfeiture of appellant's automobile was lawful despite the fact that appellant pleaded guilty to a misdemeanor and not a felony." Gladden, at 289.
In regard to appellant's argument that forfeiture of his property constituted an excessive fine, we note that the forfeiture of property pursuant to R.C. 2925.42 is a form of punishment and is considered a fine. State v. Hill,70 Ohio St.3d 25, 34, 1994-Ohio-12, 635 N.E.2d 1248. A forfeiture will be considered an excessive fine only when, in light of all the relevant circumstances, the forfeiture is grossly disproportionate to the offense committed. Id. at 34. In this case, an electronic body wire detector, two pagers and approximately $1,371 in cash were seized from appellant. Such a seizure does not appear so grossly disproportionate to the offense as to violate the Excessive Fines Clauses of the Ohio and United States Constitutions.
Accordingly, we affirm the trial court's judgment.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Gallagher, J., concur.