[Cite as *State v. Tolbert*, 2022-Ohio-1159.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,               : CASE NO. 21CA2

    v.                                :

D'LONTAE B. TOLBERT,                    : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.              :

_____

APPEARANCES:

D'Lontae B. Tolbert, pro se.

Nicole Coil, Washington County Prosecuting Attorney, and David K.H.
Silwani, Assistant Prosecuting Attorney, Marietta, Ohio, for
appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:3-31-22
ABELE, J.

{¶1} This is an appeal from a Washington County Common Pleas
Court judgment of conviction and sentence. D'Lontae Tolbert,
defendant below and appellant herein, pleaded guilty to one count
of possession of drugs in violation of R.C. 2925.11(A)&(C)(11)(c),
a third-degree felony, with a forfeiture specification.

{¶2} Appellant assigns two errors for review:

FIRST ASSIGNMENT OF ERROR:

"IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT
TO GRANT THE IMPERMISSIBLE AMENDMENT TO THE
INDICTMENT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT UNLAWFULLY ORDERED THE
FORFEITURE OF PROPERTY."

{¶3} On September 18, 2019, a Washington County Grand Jury returned an indictment that charged appellant with one count of trafficking in drugs in violation of R.C. 2925.03(A)(2), a first-degree felony, and one count of possession of drugs in violation of R.C. 2925.11(A), a first-degree felony. The indictment also included a forfeiture specification for $1,329 seized from appellant's person.

{¶4} At his September 20, 2019 arraignment, the trial court referred to a re-indictment. Counsel stated that appellant received the indictment on September 19, 2019 and was prepared to proceed. The court indicated that the amount of the Schedule I controlled substance for count one and count two "is more than 20 grams but less than 50 grams: to-wit, 26.25 grams." The prosecutor stated that the re-indictment occurred because the heroin contained fentanyl. The state also (1) asked the court to maintain the

$50,000 bond, and (2) indicated that appellant was on post-release control from his recently served three-year prison term for a first-degree felony aggravated trafficking in drugs. The court advised appellant that, with a possible prison term for his post-release control violation, he faced a total of 19 and one-half years in prison. Appellant pleaded not guilty.

{¶5} At the October 17, 2019 change of plea hearing, the state indicated that the sheriff's office executed a search warrant and encountered appellant in possession of what appeared to be heroin, but later determined to be nine grams of a mix of heroin and fentanyl. The state also moved to dismiss count one and to amend count two "to amend the amount of the drugs and the language of the indictment to say, 'in an amount more than five grams and less than ten grams: to-wit, nine grams.'" The trial court acknowledged that the amendment changed the code section from R.C. 2925.11 (A) & (C)(11)(e) to R.C. 2925.11(A) & (C)(11)(c). Appellants trial counsel also stated that the appellant did not object to the amendment.

{¶6} At that point the trial court reviewed appellant's rights and stated that appellant (1) faced a maximum prison term of 36 months on the amended count two, (2) faced an additional two years and eight months for the postrelease control violation, and (3)

could face an additional nonmandatory three-year postrelease control term. Further, appellant acknowledged that he understood that his guilty plea to the forfeiture specification would result in the forfeiture of $1,329. Appellee then recommended a maximum combined four-year prison term and stated its intention to dismiss the original indictment (19CR320) and count one of the amended indictment (19CR379).

**{¶7}** At the November 8, 2019 sentencing hearing, the trial court (1) waived the $5,000 mandatory fine due to appellant's indigence, (2) found appellant's crime to be serious "because it's part of an organized criminal activity," and (3) noted that appellant's ORAS score indicated a high recidivism risk. Further, based on appellant's prior felony offense in Michigan, his 2014 Washington County first-degree drug trafficking conviction (for which he was on post-release control when indicted in the present case), and his current charge, the court stated that appellant had not been rehabilitated to the court's satisfaction. Thus, the court sentenced appellant to (1) serve a 30-month prison term, (2) serve 943 days for the postrelease control violation, to be served consecutively for an aggregate sentence of six years with 94 days local confinement credit, (3) forfeit $1,329, (4) submit to drug testing, (5) undergo a discretionary postrelease control term of up

to three years, and (6) pay court costs.

{¶8} On April 7, 2021, this court granted appellant's motion for leave to file a delayed appeal and this appeal followed.

I.

{¶9} In his first assignment of error, appellant asserts that the trial court granted an impermissible amendment to the indictment. Specifically, appellant argues that although the trial court substantially complied with Crim.R. 11 at his plea hearing, his counsel rendered ineffective assistance regarding the Crim.R. 7(D) protections. Appellant contends that the state "amended the charge as to change the identity and counsel not only failed to object to this forbidden procedure, but also stipulated to it as to bestow jurisdiction."

{¶10} Initially, we observe that because appellant did not object to the indictment's amendment, he has waived all but plain error. *See* Crim.R. 12(C)(2). To reverse a decision based on plain error, a reviewing court must determine that a plain (or obvious) error occurred that affected the trial's outcome. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); Crim.R. 52(B). Further, plain-error review must be undertaken "'with the utmost caution, under exceptional circumstances and only to prevent a

manifest miscarriage of justice.'" *Barnes*, quoting *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶11} Additionally, the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Hinton v. Alabama*, 571 U.S. 263, 272, 134 S.Ct. 1081, 188 L.Ed.2d 1 (2014) (explaining that the Sixth Amendment right to counsel means "that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence").

{¶12} To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *Strickland*, 466 U.S. at 687; *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 183; *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 85. "Failure to establish either

element is fatal to the claim." *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14; *State v. Blackburn,* 4th Dist. Jackson No. 18CA3, 2020-Ohio-1084, ¶ 32. Accordingly, if one element is dispositive, a court need not analyze both. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

**{¶13}** As it relates to pleas, a defendant generally has the ultimate authority to decide whether to plead guilty. *State v. Grate,* 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 121, citing *Florida v. Nixon*, 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). Thus, a defendant who claims ineffective assistance related to the decision to plead guilty must show that a reasonable probability exists that, but for counsel's errors, the defendant would not have pleaded guilty and insisted on going to trial. *Id.*, citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 89, citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

**{¶14}** In the case sub judice, the state, pursuant to the parties' plea agreement, moved to amend the indictment from R.C. 2925.11(A)/(C)(11)*(e)* to R.C. 2925.11(A)/(C)(11)*(c)*. R.C. 2925.11(A) provides: "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." R.C. 2925.11(C)(11)(e) states:

(C) Whoever violates division (A) of this section is guilty of one of the following:

(11) If the drug involved in the violation is a fentanyl-related compound and neither division (C)(9)(a) nor division (C)(10)(a) of this section applies to the drug involved, or is a compound, mixture, preparation, or substance that contains a fentanyl-related compound or is a combination of a fentanyl-related compound and any other controlled substance and neither division (C)(9)(a) nor division (C)(10)(a) of this section applies to the drug involved, whoever violates division (A) of this section is guilty of possession of a fentanyl-related compound. The penalty for the offense shall be determined as follows:

(e) If the amount of the drug involved equals or exceeds two hundred unit doses but is less than five hundred unit doses or equals or exceeds twenty grams but is less than fifty grams, possession of a fentanyl-related compound is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.

The state amended the indictment from R.C. 2925.11(C)(11)(e) to

(C)(11)(c):

(c) If the amount of the drug involved equals or exceeds fifty unit doses but is less than one hundred unit doses or equals or exceeds five grams but is less than ten grams, possession of a fentanyl-related compound is a felony of the third degree, and there is a presumption for a prison term for the offense.

**{¶15}** We recognize, as appellee argues, that appellant explicitly agreed to the indictment's amendment pursuant to a plea agreement. Thus, the amendment is valid regardless of whether it changed the name or identity of the crime charged. In *State v.*

*Freeman*, 11th Dist. Trumbull No. 2004-T-0055, 2006-Ohio-492, the Eleventh District determined that if a defendant agrees to an indictment's amendment pursuant to a plea agreement, the amendment is valid regardless of whether it changed the name or identity of the crime charged. *Freeman* at ¶ 41, citing *State v. Bartelson,* 11th Dist. Trumbull No. 95-T-5322, 1996 WL 586758. In *Bartelson*, the indictment's amendment added a physical harm specification and the Eleventh District observed that because the Crim.R. 7(D) provisions are primarily for the protection of defendants, the requirement may be waived. See also *State v. Cook*, 35 Ohio App.3d 20, 519 N.E.2d 419, paragraph three of the syllabus (12th Dist.1987)(Crim.R. 7(D) primarily for defendant's protection and prohibits amendments that change the nature or identity of the charged crime so the accused can be aware of the charges and can prepare his defense accordingly.)

{¶16} The Eighth District has also held that a defendant waives any challenge to an indictment when he is in the courtroom, did not object to the amendment prior to trial, and indicated to the court that he understood the proceedings. *State v. Baxter*, 8th Dist. Cuyahoga No. 106187, 2018-Ohio-2237, ¶ 10-13, citing *State v. Owens*, 181 Ohio App.3d 725, 2009-Ohio-1508, 910 N.E.2d 1059, ¶ 69 (7th Dist.); *State v. Pondexter,* 8th Dist. Cuyahoga No. 108940,

2020-Ohio-1290, ¶ 14; *State v. Kibble,* 8th Dist. Cuyahoga No. 103822, 2017-Ohio-12.


{¶17} The Tenth District has concluded that a defendant may waive the right to indictment altogether, or by plea can acquiesce to the amendment of the identity of the offense charged. *State v. Battin*, 10th Dist. Franklin No. 19AP-485, 2019-Ohio-5001, ¶ 8-9, citing *State v. Bruce,* 10th Dist. Franklin No. 16AP-31, 2016-Ohio-7132; *State v. Wooden*, 10th Dist. Franklin No. 02AP-473, 2002-Ohio-7363, ¶ 15. *See also State v. Oliver*, 2021-Ohio-2543, 176 N.E.3d 1054, ¶ 31 (12th Dist.) (pleading guilty waives many errors including defect in indictment); *State v. Spates,* 64 Ohio St.3d 269, 271-272, 595 N.E.2d 351 (guilty plea represents break in the chain of events and defendant may not raise claims that occurred prior to entering the plea; defendant may only attack the voluntary and intelligent character of the plea).

{¶18} In the case sub judice, appellant does not argue that his plea was not knowing and voluntary. Moreover, our review of the record reveals that appellant knowingly and voluntarily agreed to the amended indictment when he pleaded guilty pursuant to the parties' plea agreement. Thus, because appellant entered a guilty plea in open court, after he acknowledged that he had no objection

to the amended charge and after being fully apprised of the rights, we conclude that appellant acquiesced in the amendment. Consequently, after our review we conclude that (1) no error, plain or otherwise, occurred and (2) no reasonable probability that, but for counsel's alleged errors, appellant would have declined to plead guilty.

{¶19} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II.

{¶20} In his second assignment of error, appellant asserts that the trial court improperly ordered the forfeiture of his property. Appellant argues that, pursuant to R.C. 2941.1417 and 2981.04, forfeiture is prohibited unless a forfeiture specification is attached to a specific count of the indictment.

{¶21} Appellant cites *State v. Brimacombe,* 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, where the Sixth District noted that (1) the indictment did not refer to the surrendered firearms and (2) between the filing of the indictment and the sentencing hearing, nothing in the record indicated that the prosecution furnished prompt notice to counsel about the forfeiture of the firearms. *Id.* at ¶ 66. In the case at bar, however, we recognize

that appellant explicitly agreed to the forfeiture as part of his plea agreement. Thus, appellant's reliance on *Brimacombe* is misplaced.

{¶22} Appellee, on the other hand, analogizes this case to *State v. Gloeckner*, 4th Dist Meigs No. 520, 1994 WL 111337 (March 21, 1994). In *Gloeckner*, the defendant did not object to the forfeiture of his vehicle and, therefore, voluntarily relinquished the vehicle as a part of the plea agreement. We held that no forfeiture statute applied to the relinquishment. *Id.* at * 5. Similarly, in *State v. Dickens,* 4th Dist. Meigs No. 05CA14, 2006-Ohio-4920, because the defendant agreed to the forfeiture, the defendant "cannot now complain that the prosecution took the action he allowed it to take." *Id.* at ¶ 10.

{¶23} Other appellate districts have reached the same conclusion regarding voluntary forfeiture. In *State v. Wyley*, 8th Dist. Cuyahoga No. 66163, 1994 WL 581522 (Oct. 20, 1994), the defendant agreed to forfeit money confiscated at the time of his arrest, but argued that the state's untimely forfeiture petition and failure to hold a R.C. 2933.43(C) forfeiture hearing constituted reversible error. The Eighth District concluded that the defendant waived any error or due process rights associated

with the forfeiture proceedings when he agreed to forfeit the money. *Id.* at *2. *See also State v. Compton*, 2021-Ohio-3106, 178 N.E.3d 123, ¶ 19 (8th Dist.)(property forfeited through a plea agreement not effectuated by operation of the statutory provisions governing forfeiture, but rather by the parties' agreement); *State v. Smith,* 117 Ohio App.3d 656, 691 N.E.2d 324 (8th Dist.1997)(plea agreement and voluntary relinquishing forfeited property waives procedural or due process right regarding forfeiture); *State v. Fogel*, 8th Dist. Cuyahoga No. 87035, 2006-Ohio-1613 (forfeiture as part of negotiated plea agreement is valid); *State v. Keith*, 81 Ohio App.3d 192, 610 N.E.2d 1017 (9th Dist. 1991)(upholding plea agreement forfeiture); *State v. Hunter,* 9th Dist. Summit No. 13929, 1989 WL 80515 (July 19, 1989)(plea agreement and voluntary relinquishment of confiscated monies waived right to object on appeal); *State v. Gladden*, 86 Ohio App.3d 287, 620 N.E. 2d 947 (1st Dist.1993)(relinquishment of vehicle not effectuated by operation of statutory provision, but by the parties' agreement); *State v. Hensley*, 9th Dist. Lorain No. 03CA008356, 2004-Ohio-2664, ¶ 7(defendant agreed to forfeiture thus waived application of statutory provisions governing forfeiture procedure).

{¶24} In the case sub judice, appellant's guilty plea states, in pertinent part: "The Defendant will plead to the amended count 2

in this case and be sentenced on the PRC Violation. The Defendant shall forfeit $1,329.00." At the plea hearing, the trial court asked appellant if he understood that his guilty plea to the forfeiture specification would result in the forfeiture of $1,329. Appellant indicated that he so understood. Here, we conclude that appellant had notice of the forfeiture and agreed to the forfeiture in his plea agreement.

**{¶25}** Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.