[Cite as *State v. White*, 2022-Ohio-2411.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,        :

                                            No. 110949

    v.                         :

DONALD REED WHITE,                      :

    Defendant-Appellant.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 14, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654486-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sean D. Drake and Kristen Hatcher, Assistant Prosecuting Attorneys, *for appellee*.

Lydia Evelyn Spragin, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Donald Reed White ("White") appeals the trial court's ordering forfeiture of three cell phones, a firearm, a scale, and $520 in connection with White's convictions for drug possession, having weapons while under disability, and

drug trafficking.  After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I.  Facts and Procedural History

{¶ 2}  On September 1, 2021, White pled guilty to the following charges: three counts of drug possession in violation of R.C. 2925.11(A), a fifth-degree felony, with forfeiture of three cell phones, a scale, and $520; having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony, with forfeiture of a firearm; and drug trafficking in violation of R.C. 2925.03(A)(2), a fourth-degree felony, with forfeiture of a scale and $520.

{¶ 3}  At the plea hearing, the court meticulously reviewed with White, his counsel, and the prosecutor that, by pleading guilty, White would be agreeing to forfeit three cell phones a firearm, a scale, and $520 to the "City of Cleveland, Cleveland Division of Police."

> THE COURT:  It's been further suggested that you would forfeit any and all interest you may have in three cell phones, a Springfield Armory XD Elite firearm, $520 in United States currency, and a digital scale, all to be forfeited to the Cleveland Police Department, do you understand?
>
> WHITE:  Correct.
>
> THE COURT:  Any question at all, sir, you would like to ask me?
>
> WHITE:  No, your Honor.

{¶ 4}  The court conducted a Crim.R. 11(C) hearing prior to accepting White's guilty plea to the five aforementioned felonies.  The court found that White "knowingly, voluntarily, and with full understanding of his rights entered his change

of plea." The court accepted the plea, made a finding of guilt, and ordered "the forfeiture earlier specified."

{¶ 5} The September 1, 2021 journal entry memorializing this plea states, in part, that White is to "forfeit to Cleveland Police Department: 3 cell phones; Springfield Armory XD elite firearm serial # BY327852; $520.00 U.S. currency; digital scale."

{¶ 6} On October 13, 2021, the court sentenced White to an aggregate of three years in prison. The sentencing journal entry reiterates that White is to "forfeit to Cleveland Police Department: 3 cell phones; Springfield Armory XD elite firearm serial # BY327852; $520.00 U.S. currency; digital scale."

{¶ 7} White now appeals, raising verbatim, two assignments of error for our review:

> The trial court improperly imposed forfeiture on each count in the indictment upon Mr. White in imposing the sentence herein.

> The trial court denied, impeded, or violated Mr. White's due process rights under the U.S. Constitution and the S[t]ate of Ohio §§ 1, 2, 16, and 19.

## II. Law and Analysis

{¶ 8} It is well settled that a "guilty plea is a complete admission of the defendant's guilt. * * * When a defendant enters a plea of guilty, he waives all appealable errors that might have occurred unless the errors precluded the defendant from entering a knowing, voluntary, and intelligent plea." *State v. Korecky*, 8th Dist. Cuyahoga No. 108328, 2020-Ohio-797, ¶ 16.

{¶ 9} In the case at hand, White does not claim that his plea was not knowingly, voluntarily, and intelligently entered. Rather, White poses the following question: "What facts/evidence has the State introduced that would [sic] firearms, the money, or any of the property the State desires to be forfeited are 'contraband' or 'proceeds'" as contemplated by R.C. 2981.02? However, because White pled guilty to offenses including detailed forfeiture specifications, the state need not produce evidence to support the elements of the offenses and specifications. *See State v. Eppinger*, 8th Dist. Cuyahoga No. 95685, 2011-Ohio-2404, ¶ 9 ("[W]hen the defendant enters a plea agreement calling for the forfeiture of seized property, adherence to the statutory procedures [is] unnecessary."); *State v. Gladden*, 86 Ohio App.3d 287, 289, 620 N.E.2d 947 (1th Dist.1993) ("[I]t cannot be said that appellant's due process rights were violated because by entering into the plea agreement appellant clearly had notice of and agreed to the forfeiture of hid property.").

{¶ 10} White next argues that "the State did not seek a forfeiture order pertaining to the funds seized from Mr. White at the time of the offenses by including a forfeiture specification * * *." This is simply not true. As noted earlier in this opinion, White's indictment included forfeiture specifications for the three cell phones, a firearm, a scale, and $520. Additionally, White's guilty plea, both on the record in open court and as reflected in the court's plea and sentencing journal entries, included an order to forfeit these exact items.

{¶ 11} Accordingly, White's assignments of error are overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

SEAN C. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR