DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Aden Fogel, appeals the decision of the Lorain County Court of Common Pleas, which denied appellant's motion to compel. This Court affirms.
 I. {¶ 2} Appellant was indicted by the Lorain County Grand Jury for one count of possession of cocaine, a violation of R.C.2925.11(A); one count of trafficking in drugs, a violation of R.C. 2925.03(A)(2); and one count of possessing drug abuse instruments, a violation of R.C. 2925.12. Pursuant to a plea agreement, appellant entered a plea of guilty to all counts of the indictment. Appellant signed a plea sheet stating that "[a]ll property, money and/or evidence held by the State of Ohio or any police department is hereby forfeited to the State as a condition of this plea." The trial court accepted appellant's guilty plea and sentenced him accordingly.
 {¶ 3} On February 2, 2004, the trial court ordered:
"Upon oral motion of the State and pursuant to defendant's plea sheet of 7/7/2003 and sentencing entry, the following forfeited items * * * shall be for the use or sale by the Lorain County Drug Task Force for law enforcement use: electronic gram scale, 2 cameras, and radioshack scanner. The forfeited $4,270 in cash is ordered deposited into law enforcement trust accounts * * * All remaining contraband and evidence is ordered destroyed."
On March 23, 2004, appellant filed a motion for return of property. On April 28, 2004, the trial court ordered that the following property be returned to appellant's attorney, R.J. Budway: "a computer system, photographs and films[.]"
 {¶ 4} Appellant filed a notice of appeal with this Court on May 26, 2004. On June 3, 2004, the State filed a motion seeking an order authorizing the forfeiture and disposition of "lawfully seized, abandoned or unclaimed property in the possession of the Sheriff's Office." On June 9, 2004, the trial court granted the State's motion. On June 29, 2004, all evidence marked for destruction, including the remaining evidence from appellant's case, was burned at US Steel. On August 2, 2004, appellant filed a motion to preserve the evidence seized from his residence pending the outcome of his appeal which the trial court denied. On November 24, 2004, this Court affirmed the decision of the trial court. State v. Fogel, 9th Dist. No. 04CA008498,2004-Ohio-6268.
 {¶ 5} On October 22, 2004, appellant filed a motion to compel the Lorain County Sheriff's Office to comply with the trial court's April 26, 2004 order. On April 25, 2005, the State filed a notice of mootness on the grounds that appellant's computer was taken to his attorney's office on September 16, 2004, and that all other items of personal property were destroyed pursuant to the trial court's February 2, 2004 order. On May 27, 2005, the trial court denied appellant's motion to compel on the basis that it was moot. The trial court amended the order nunc pro tunc and issued another order on June 2, 2005, still denying appellant's motion on the basis that it was moot.
 {¶ 6} Appellant timely appealed the trial court's denial of his motion to compel setting forth two assignments of error. As both assignments of error raise the same issues, they have been combined for ease of review.
 II. FIRST ASSIGNMENT OF ERROR
"THE APELLANT ADEN D. FOGEL WAS DENIED HIS RIGHT TO DUE PROCESS PROVIDED IN THE OHIO CONSTITUTION ARTICLE I, SECTION 10 AND SECTION 16 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, WHEN THE TRIAL COURT RULED APPELLANT'S MOTION TO COMPEL COURT ORDER `MOOT'."
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY RULING MOTION TO COMPEL COURT ORDER `MOOT' WHEN STATE HAS NOT RETURNED ALL OF APPELLANT'S PROPERTY AND IS STILL IN POSSESSION OF SAID PROPERTY[.]"
 {¶ 7} In his two assignments of error, appellant argues that the trial court erred in ruling that his motion to compel filed on October 22, 2004, was moot. This Court disagrees.
 {¶ 8} To support its notice of mootness, the State filed a memo from evidence officer Joe Perichak to Captain Cavanaugh dated May 24, 2005. In the memo, officer Perichak states that on February 4, 2004, he received a journal entry from the trial court showing a breakdown of the evidence in appellant's case and its disposition. Officer Perichak states in the memo that money and a few items were forfeited, and all the remaining evidence was ordered destroyed.
 {¶ 9} Officer Perichak goes on to say that an order of disposal was issued on June 9, 2004, and on June 29, 2004, all evidence marked for destruction, including the remaining evidence from appellant's case, was burned at US Steel.
 {¶ 10} According to the memo, on September 3, 2004, Officer Perichak received a letter from appellant requesting that certain items be returned to him pursuant to the trial court's April 24, 2004 order. Officer Perichak states that prior to appellant's September 3, 2004 correspondence, he had no knowledge of the April 24, 2004 order. Upon receiving appellant's letter, Officer Perichak checked the Lorain County Court of Common Pleas' website and found the April 24, 2004 order. Officer Perichak then contacted the prosecutor's office and on September 16, 2004, he took appellant's computer tower to his attorney's office.
 {¶ 11} On appeal, appellant argues that any property that is still on the auction shelf of the Lorain County Sheriff's Department should be returned to him. To support his argument, appellant attached a department case report to his reply to the State's notice of mootness which shows that the two cameras that were confiscated from appellant's residence are being held for investigative purposes. However, as stated above, appellant signed a plea sheet stating that "[a]ll property, money and/or evidence held by the State of Ohio or any police department is hereby forfeited to the State as a condition of this plea." While the trial court did issue an order on April 28, 2004, stating that certain items were to be returned to appellant, the cameras were not listed in the order. Appellant has presented no evidence to show that the Lorain County Sheriff's Department is in possession of any items that belong to him other than the two cameras.
 {¶ 12} After reviewing the record, this Court cannot conclude that the trial court erred in denying appellant's motion to compel on the basis that it was moot. On the plea sheet, appellant agreed to forfeit all property seized at his residence. In its February 2, 2004 journal entry, the trial court specifically stated that the two cameras were to be forfeited. In its April 28, 2004 order, the trial court only ordered that appellant's computer be returned to him. Had it intended that the two cameras be returned to appellant, the trial court would have listed them in its April 28, 2004 order. Appellant's computer was returned to his attorney's office on September 16, 2004, a month before appellant filed his motion to compel. Therefore, at the time appellant filed his motion to compel, it was moot. Consequently, appellant's two assignments of error are overruled.
 III. {¶ 13} Appellant's assignments of error are overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J., Moore, J., concur.