The STATE of Ohio, Appellee,

v.

DAVIS, Appellant.

[Cite as *State v. Davis*, 175 Ohio App.3d 318, 2008-Ohio-753.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 07–CA–100.

Decided Feb. 22, 2008.

Stephen Collins, for appellee.

George A. Katchmer, for appellant.

BROGAN, Judge.

{¶ 1} Frank Davis appeals from the trial court's denial of his application for an order to seal his records pursuant to R.C. 2953.52 and from the court's denial of his request for an order for the state of Ohio to return previously forfeited property to him.

{¶ 2} Davis was originally indicted in December 1998 for one count of possession of cocaine and two counts of trafficking in cocaine. After the trial court overruled his pretrial motion to suppress, Davis entered a plea of no contest on February 9, 2000, to one count of possession of powdered cocaine and a major-drug specification. The prosecution noted on the record at the time of Davis's no-contest plea that Davis agreed to forfeit his legal interest in those items specified in the indictment, and Davis agreed that "the issue of forfeiture of that property will not be the subject of any appellate proceedings." The trial court sentenced Davis to an agreed sentence of 11 years. Davis was also fined $20,000, and the court also ordered Davis to forfeit certain real property, several vehicles, and $87,493.

{¶ 3} On November 4, 2003, Davis moved to withdraw his no-contest plea, asserting among other things that he would not have entered his plea if he knew he was ineligible for judicial release and that he never intended to relinquish his "forfeiture rights." On appeal, we found that Davis knowingly entered into the plea agreement that required him to forfeit the property named in the indictment. See *State v. Davis* (Nov. 5, 2004) Clark App. No. 2003–CA–87, 2004 WL 2538827. We did, however, remand the matter to the trial court to conduct a hearing for the purpose of deciding whether Davis would have entered his plea but for his belief that he was eligible for judicial release.

{¶ 4} The trial court, upon remand, granted Davis's motion to withdraw, only to have Davis enter another no-contest plea to the charges on March 21, 2005.

Davis stated in his second no-contest plea that he agreed to be sentenced to a term of 12 years. The plea agreement further stated that "the parties understand and agree that the forfeiture provisions were previously disposed of under a prior plea agreement, and therefore [are] not part of this agreement. The prior forfeiture orders will stand as previously ordered."

{¶ 5} On April 14, 2005, the trial court sentenced Davis to an agreed sentence, fined Davis $20,000, and held that the "property contained in the forfeiture has previously been ordered forfeited and distributed pursuant to R.C. 2945.42, and that previous order shall remain."

{¶ 6} Davis filed another appeal, and this court, on March 31, 2006, reversed Davis's conviction because the trial court erred in overruling Davis's motion to suppress certain evidence recovered from his residence. Upon remand from this court, the trial court dismissed the indictment on February 7, 2007. On March 19, 2007, Davis applied to seal the records related to the charges and also moved for the return of the forfeited property.

{¶ 7} In his first assignment, Davis contends that the trial court erred in refusing to order the records related to his arrest and conviction on the drug charges sealed. The trial court summarily denied Davis's application without elaboration, although the state filed no objections to the application. The state argues that there are compelling reasons for the state to maintain these records, but it does not object to the court's setting a hearing as set forth in R.C. 2953.52.

{¶ 8} R.C. 2953.52 provides:

{¶ 9} "(A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

{¶ 10} "(2) Any person, against whom a no bill is entered by a grand jury, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the expiration of two years after the date on which the foreman or deputy foreman of the grand jury reports to the court that the grand jury has reported a no bill.

{¶ 11} "(B)(1) Upon the filing of an application pursuant to division (A) of this section, *the court shall set a date for a hearing* and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date

set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.

{¶ 12} "(2) The court shall do each of the following:

{¶ 13} "(a) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreman or deputy foreman of the grand jury;

{¶ 14} "(b) Determine whether criminal proceedings are pending against the person;

{¶ 15} "(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

{¶ 16} "(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

{¶ 17} "(3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, or that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreman or deputy foreman of the grand jury; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, or if division (E)(2)(b) of section 4301.69 of the Revised Code applies, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred." (Emphasis added.)

{¶ 18} This court has held that the requirement of a hearing, as set forth in R.C. 2953.52(B) is mandatory and requires the court to notify the prosecutor of the date of the hearing. *Dayton v. Salmon* (1996), 108 Ohio App.3d 671, 671 N.E.2d 599. We also held that the trial court could not summarily deny the defendant's application to seal official records merely because the matters being investigated were sex offenses and the grand jury had returned a no bill of indictment. See *State v. Berry* (1999), 135 Ohio App.3d 250, 733 N.E.2d 651. The appellant's first assignment is sustained to the extent that the court erred in denying his application without holding a hearing.

{¶ 19} In his second assignment, Davis contends that the trial court erred in refusing to order the return of his previously forfeited property. He contends that we stated in our March 31, 2006 decision that there were to be no consequences stemming from the vacated charges. He contends that there is no legal reason the trial court should not return the previously forfeited property, since his conviction has now been vacated.

{¶ 20} The state argues that this assignment should be overruled because Davis agreed that the issue of forfeiture of his property would not be the subject of any appellate proceedings. The state argues that pursuant to that agreement, this forfeited property was long ago forfeited and distributed pursuant to R.C. 2945.42. The state argues that Davis is contractually barred from seeking the return of his property, which he agreed to forfeit, and that principles of equity also bar such a return.

{¶ 21} The grand jurors of Clark County attached the following specification of forfeiture to each of the counts for which Davis was indicted:

{¶ 22} "SPECIFICATION OF FORFEITURE: The Grand Jurors further find and specify that the following property is subject to forfeiture as said property constitutes or was derived directly or indirectly from any proceeds that Frank C. Davis obtained directly or indirectly from the commission of a felony drug abuse offense or act and/or was used or intended to be used in any manner to commit, or to facilitate the commission of the felony drug abuse offense or act:

{¶ 23} "1. The residence and other real estate located at 1578 Charles Street, Springfield, Ohio in the County of Clark;

{¶ 24} "2. $87,493.00 in cash/currency that was seized from the residence located at 1578 Charles Street, Springfield, Ohio in the County of Clark;

{¶ 25} "3. An Acer computer that was seized from the residence located at 1578 Charles Street, Springfield, Ohio in the County of Clark;

{¶ 26} "4. 1997 Lincoln Mark VIII, VIN # 1LNLM92V1VY731247 seized from the residence at 1578 Charles Street, Springfield, Ohio in the County of Clark;

{¶ 27} "5. A 1978 Porsche 911, Manufacturer's Serial No. 9118301243, seized from the residence located at 1578 Charles, Springfield, Ohio, County of Clark;

{¶ 28} "6. A 1967 Lamborghini 400 GT, Manufacturer's Serial Number 0982 seized from the residence at 1578 Charles Street, Springfield, Ohio, County of Clark;

{¶ 29} "7. A 1983 Honda GL1, Vin. R8212201F seized from the residence located at 1578 Charles Street, Springfield, Ohio, County of Clark;

{¶ 30} "8. A 1989 Toyota CRL, Vin. JT2MX83E8K0001265, seized from the residence at 1578 Charles Street, Springfield, Ohio, County of Clark;

{¶ 31} "9. A 1962 Jaguar two door convertible with manufacturer's serial number 877182 seized from the residence located at 1578 Charles Street, Springfield, Ohio, County of Clark;

{¶ 32} "10. A 1973 Jaguar XKE, with manufacturer's serial number UD1822717, seized from the residence at 1578 Charles Street, Springfield, Ohio, County of Clark;

{¶ 33} "11. A 1964 Jaguar XKE, manufacturer's serial number 888892, seized from the residence at 1578 Charles Street, Springfield, Ohio, County of Clark;

{¶ 34} "12. A 1986 Jaguar, 4 door, manufacturer's serial number SA-JAY1348GC450488, seized from AutoTech, 320 W. Main St., Springfield, Ohio, County of Clark;

{¶ 35} "13. A 1989 S.A.E. trailer, Model EL–16, Serial number 88090235017, seized from the residence at 1578 Charles Street, Springfield, Ohio, County of Clark;

{¶ 36} "14. A 1971 Corvette, 2 door, Serial Number 1946715107828, location unknown;

{¶ 37} "15. A 1956 Cadillac Coupe De Ville, Serial Number 5662006784, location unknown;

{¶ 38} "16. A 1980 BMW, 633, I.D. Number WBA53310005590124, location unknown;

{¶ 39} "17. A 1967 Corvette, Manufacturer's Serial Number AZ25690, location unknown;

{¶ 40} "18. A 1980 Cheverlot [sic] Pick Up Truck, Manufacturer's Serial number CCW34AB113877, location unknown;

{¶ 41} "19. A 1970 Oldsmobile 442, Manufacturer's Serial number 344870M110800, location unknown;

{¶ 42} "20. A 1974 Ford Thunderbird, Manufacturer's Serial number 4Y87A137797, location unknown;

{¶ 43} "21. A 1955 Jaguar, XK–120, Manufacturer's Serial number S680976, location unknown;

{¶ 44} "22. A 1964 Cheverlot [sic] Nova 400, Manufacturer's Serial number 40466N210578, location unknown."

{¶ 45} We have examined our March 31, 2006 opinion, and we did not say anywhere therein that there would be no consequences stemming from the vacated charges. Also, Davis agreed in his second negotiated plea that the original agreement, not to contest the forfeiture, would survive this court's initial reversal and was part of the plea bargain to receive the reduced charge. In *State*

*v. Gladden* (1993), 86 Ohio App.3d 287, 620 N.E.2d 947, the Hamilton County Court of Appeals held that when a drug-crime defendant's forfeiture of his automobile was via a plea agreement rather than a forfeiture statute, the police were not required to adhere to the procedural requirements associated with statutory forfeitures.

{¶ 46} In *Gladden*, the appellant was arrested while driving through Blue Ash and charged with possession of crack cocaine. Pursuant to a plea agreement, the prosecutor reduced the charge to the misdemeanor attempted drug abuse in exchange for Gladden's forfeiture of his automobile. He appealed from the trial court's order forfeiting his automobile. He contended on appeal that the trial court erred in ordering forfeiture of his automobile, because he was convicted of a misdemeanor and the statutory guidelines require a felony conviction. In affirming the trial court's order of forfeiture, the court made the following observation:

{¶ 47} "Appellant correctly states that a felony conviction is required in order for R.C. 2933.42(B) contraband to be forfeited pursuant to R.C. 2933.43. See *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 569 N.E.2d 916; *State v. Cola* (1992), 76 Ohio App.3d 840, 603 N.E.2d 405. However, it is clear from the record *sub judice* that the forfeiture of appellant's automobile resulted from a plea agreement whereby the felony charge of drug abuse was reduced to the misdemeanor charge of attempted drug abuse in exchange for appellant's plea of guilty to the reduced charge and his forfeiture of the automobile that was confiscated at the time of his arrest. The relinquishment of ownership in the automobile, then, was not effectuated by operation of the statutory provisions governing the forfeiture of contraband, but rather by the parties' agreement. Absent any statutory language or authority indicating that property involved in illegal drug activities may only be relinquished pursuant to statutory provisions, we conclude that the forfeiture of appellant's automobile was lawful despite the fact that appellant pleaded guilty to a misdemeanor and not a felony. The first assignment of error is accordingly overruled."

{¶ 48} Likewise, in this matter, Davis struck a bargain with the state. In return for the state's agreement to reduce the charges against him, Davis agreed not to contest the forfeiture of the property listed in the indictment. It is not unreasonable to hold Davis to his bargain with the state. The second assignment of error is overruled. The judgment of the trial court is reversed in part and affirmed in part, and the matter is remanded to the trial court for further proceedings.

Judgment affirmed in part
and reversed in part,
and cause remanded.

WOLFF, P.J., and GRADY, J., concur.

GRADY, J., concurring.

{¶ 49} I do not agree that the holding in *State v. Gladden* (1993), 86 Ohio App.3d 287, 620 N.E.2d 947, applies in the present case. The defendant in *Gladden* didn't attack his conviction on appeal. Instead, he attacked the penalty the court imposed. In the present case, on the other hand, Davis successfully attacked his conviction, and we reversed it. The question is the effect, if any, that that reversal has on the forfeiture penalty imposed on his conviction.

{¶ 50} When appellant entered his plea of no contest on March 21, 2005, he voluntarily agreed to the forfeiture penalty that the court subsequently imposed pursuant to R.C. 2981.04. Because a criminal forfeiture operates as a fine, appellant's agreement to its voluntary payment through a forfeiture renders any error in its imposition moot, absent evidence that he will suffer some collateral disability or loss of civil rights from such payment. *State v. Wilson* (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236. No suggestion is made that any collateral disability will result.

{¶ 51} Payment of a fine is the same as completely serving a sentence. Id. The rule of mootness applies when the fine is paid voluntarily, even when the conviction for which the fine was imposed is subsequently reversed. Therefore, I would overrule the assignment of error on a finding that the error assigned is moot.