[Cite as *State v. Moore*, **2011-Ohio-6611**.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                          |   |                        |
|--------------------------|---|------------------------|
|                          | : | JUDGES:                |
| STATE OF OHIO            | : | W. Scott Gwin, P.J.    |
|                          | : | Julie A. Edwards, J.   |
| Plaintiff-Appellee       | : | Patricia A. Delaney, J.|
|                          | : |                        |
| -vs-                     | : | Case No. 2011CA00058   |
|                          | : |                        |
|                          | : |                        |
| MICHAEL ANTHONY MOORE    | : | O P I N I O N          |
|                          |   |                        |
| Defendant-Appellant      |   |                        |




CHARACTER OF PROCEEDING:      Criminal Appeal from Stark County
Court of Common Pleas Case No.
2010-CR-1438

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      December 19, 2011

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOHN D. FERRERO      FRANK L. BEANE
Prosecuting Attorney      217 Second Street, N.W.
Stark County, Ohio      Suite 610 – Bliss Tower
Canton, Ohio  44702

BY: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South, Ste. 510
Canton, Ohio  44702-1413

*Edwards, J.*

{¶1} Appellant, Michael Anthony Moore, appeals a judgment of the Stark County Common Pleas Court overruling his motion to seal his arrest record. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} On October 15, 2010, appellant was indicted by the Stark County Grand Jury on one count of rape (R.C. 2907.02(A)(2)). The bill of particulars alleged that appellant raped his wife by holding her down and having vaginal intercourse with her after she told him no.

{¶3} The case proceeded to jury trial. Appellant was found not guilty by the jury.

{¶4} On December 7, 2010, appellant filed a motion to seal all official records pursuant to R.C. 2953.52. The court overruled the motion without a hearing. Appellant assigns a single error:

{¶5} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S APPLICATION TO SEAL HIS RECORD OF ARREST FOR RAPE, WITHOUT FIRST HAVING A HEARING, AFTER A JURY FOUND HIM NOT GUILTY OF THE CHARGE OF RAPE."

{¶6} The State concedes that the court erred in overruling the motion without a hearing and requests that this case be remanded to the trial court.

{¶7} R.C. 2953.52 sets forth the procedure for sealing criminal files:

{¶8} "(A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or

information, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first. . . .

{¶9} "(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.

{¶10} "(2) The court shall do each of the following:

{¶11} "(a) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreman or deputy foreman of the grand jury;

{¶12} "(b) Determine whether criminal proceedings are pending against the person;

{¶13} "(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

{¶14} "(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

{¶15} "(3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, or that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreman or deputy foreman of the grand jury; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, or if division (E)(2)(b) of section 4301.69 of the Revised Code applies, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred."

{¶16} An application to seal records cannot be summarily denied. *State v. Davis*, 175 Ohio App.3d 318, 2008-Ohio-753, 886 N.E.2d 916, ¶18. In the instant case, appellant's application was summarily denied in a one sentence judgment by the trial court. The trial court erred in failing to comply with the requirements of R.C. 2953.52(B) in considering appellant's application.

{¶17} The assignment of error is sustained.

{¶18} The judgment of the Stark County Common Pleas Court is reversed. This cause is remanded to that court with instructions to consider appellant's application to seal the record in accordance with the procedure set forth by R.C. 2953.52.


By: Edwards, J.

Gwin, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

[Cite as *State v. Moore*, 2011-Ohio-6611.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL ANTHONY MOORE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA00058 |

 

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded to the trial court for further proceedings.  Costs assessed to appellee.

_____

_____

_____

JUDGES