[Cite as *State v. Rybarczyk*, 2015-Ohio-4211.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY


State of Ohio                                      Court of Appeals Nos. WD-15-020
                                                                          WD-15-021
      Appellee

                                                   Trial Court Nos. 2012CR0095
v.                                                                    2011CR0519

Jason Rybarczyk                                    **DECISION AND JUDGMENT**

      Appellant                          Decided:  October 9, 2015

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
Gwen Howe-Gebers, David T. Harold and Martha Schultes,
Assistant Prosecuting Attorneys, for appellee.

Thomas A. Sobecki, for appellant.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellant, Jason Rybarczyk, filed two appeals which were consolidated for

proceedings in this court.  In case No. WD-15-020, appellant appeals the February 6,

2015 order of the Wood County Court of Common Pleas denying his motion to seal

record in case No. 2012CR0095.  In case No. WD-15-021, appellant appeals the

February 6, 2015 order of the Wood County Court of Common Pleas denying his motion to seal record in case No. 2011CR0519. For the reasons that follow, we reverse and remand for further proceedings consistent with this decision.

{¶ 2} Appellant sets forth two assignments of error:

1. The trial court erred in denying Defendant's Motion to Seal the Record pursuant to O.R.C. § 2953.52 without first holding the hearing mandated by the statute.

2. The trial court erred in failing to set forth the basis for its denial of Defendant's Motion to Seal the Record pursuant to O.R.C. § 2953.52.

{¶ 3} On November 13, 2014, appellant filed a motion to seal record with the trial court, in case Nos. 2011CR0519 and 2012CR0095. The court scheduled a hearing. Before holding the hearing, the court denied appellant's motion. Appellant timely appealed.

{¶ 4} Appellant argues the trial court should have held a hearing prior to deciding his motion, thus the case should be returned to the trial court for a hearing. The state agrees that a hearing should have been held and that the case should be remanded to the trial court for a hearing.

{¶ 5} R.C. 2953.52 states in relevant part:

(A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the

2.

person's official records in the case.  Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

* * *

(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application.  The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing.  The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

{¶ 6} Here, the trial court erred in failing to conduct a hearing on the motion to seal record.  Accordingly, appellant's first assignment of error is well-taken.

{¶ 7} In light of our determination as to the first assignment of error, appellant's second assignment of error is moot.

{¶ 8} The judgment of the Wood County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

3.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                                                             JUDGE

Arlene Singer, J. _____

                                             _____
James D. Jensen, J.                                       JUDGE
CONCUR.

                                             _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.