[Cite as *State v. S.D.A.*, 2017-Ohio-8414.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27446 |
| | : | |
| v. | : | T.C. NO. 14-CR-4315 |
| | : | |
| S.D.A. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the 3rd day of November, 2017.

. . . . . . . . . .

ALICE B. PETERS, Atty. Reg. No. 0093945, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

PAMELA L. PINCHOT, Atty. Reg. No. 0071648, 345 N. Main Street, Suite 2, Springboro, Ohio 45066
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} S.D.A. appeals from a judgment of the Montgomery County Court of Common Pleas, which denied her application to seal the record of the proceedings against her. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

## I. Facts and Procedural History

{¶ 2} On December 29, 2014, S.D.A. allegedly mailed a letter to an individual in violation of a civil protection order. In January 2015, she was indicted on two counts of violating the terms of a protection order, in violation of R.C. 2919.27(A)(2), based on the December 29, 2014 letter and another incident that allegedly occurred between December 31, 2014 and January 3, 2015. Because S.D.A. had previously been convicted of violating a protection order, the offenses were felonies of the fifth degree. R.C. 2919.27(B)(3).

{¶ 3} S.D.A. requested, and the trial court granted, intervention in lieu of conviction (ILC), pursuant to R.C. 2951.041. On November 22, 2016, the trial court found that S.D.A. had successfully completed ILC, that she had received the maximum benefit from the drug treatment facility or program, and that the treatment had served its intended purpose; the court ordered that S.D.A.'s case be dismissed.

{¶ 4} On December 1, 2016, S.D.A., pro se, filed an "application for sealing of record after not guilty finding, dismissal of proceedings or no true bill," pursuant to R.C. 2953.52(A).[1] The State did not file an objection to the application.

---

[1] S.D.A. also sought to seal the record in another case, similarly involving a violation of a protection order, in which she had successfully completed ILC. *State v. S.D.A.*, Montgomery C.P. No. 15-CR-641. That application was also denied, and the denial is

**{¶ 5}** There is no indication in the trial court's docket that the trial court scheduled a hearing on the application, and there is nothing in the record to show that S.D.A. (or the prosecutor) received notice of a hearing. However, the State has supplemented the record with a transcript of a January 10, 2017 hearing. The entire transcript of that hearing reads:

(TUESDAY, JANUARY 10, 2017, 11:19 A.M.)

THE COURT:    On page 11, 14CR4315 and 15CR641, State of Ohio versus [S.D.A.]. The matter is set for hearing on the defendant's motion to seal the record. [S.D.A.].

THE BAILIFF:    Your Honor, there was no response from the hallway.

THE COURT:    All right. After reviewing the record, the Court finds that there is a governmental need to maintain the record of the dismissal of these two cases. The defendant has prior convictions for violation of protection orders which are the offenses in this case. Given the serious nature of the offenses and all of the circumstances, I will find that there is a governmental need to maintain those records and deny the petitions in each of the two cases.

(Proceedings concluded at 11:19 a.m.)

**{¶ 6}** The same day (January 10), the trial court issued a written entry denying S.D.A.'s application. The trial court indicated that it had determined "whether the applicant was found not guilty, or the complaint, indictment, or information in the case was dismissed; or a no bill was returned in the case; whether criminal proceedings are

the subject of an appeal in *State v. S.D.A.*, 2d Dist. Montgomery No. 27447.

pending against the applicant at the present time; and whether the interest of the applicant in having the records pertaining to the case sealed are not outweighed by the government's need to maintain these records, and whether, in the case of a no bill, the application was filed in a timely manner."   The trial court gave the following reasons for its denial of the application:

> There does appear to be a governmental need to maintain the record of Dismissal.  [S.D.A.'s] criminal history also includes a Violation of a TPO (M1) conviction (14CRB880/ Montgomery County Municipal Court – Eastern Division), as well as a Violation of a TPO (F5) case (15CR641) on which she successfully completed ILC.   This record of Dismissal should be maintained for potential future involvement with law enforcement.

**{¶ 7}** S.D.A. appeals from the trial court's judgment.

## II. Denial of Application to Seal Record

**{¶ 8}** In her sole assignment of error, S.D.A. claims that the trial court abused its discretion when it denied her application to seal her record.   Based on a belief that no hearing had been scheduled, S.D.A. argues in her appellate brief that the trial court erred in denying her application without a hearing.   The State counters that "the trial court fully complied with R.C. 2953.52 and held a hearing as mandated by statute," but S.D.A. failed to attend the hearing.   In her reply brief, S.D.A. responds that the trial court gave no notice of the hearing and that she was unaware that a hearing had been held.

**{¶ 9}** Of relevance here, R.C. 2953.52(A)(1) provides that any person who is the defendant named in a dismissed indictment may apply to the trial court for an order to seal the person's official records in the case.   Upon the filing of an application, the trial

court "shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application." R.C. 2953.52(B)(1). The prosecutor may file objections to the application prior to the hearing. *Id.*

{¶ 10} After the hearing, the trial court must (1) determine whether the indictment in the case was dismissed, and if so, "determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;" (2) "[d]etermine whether criminal proceedings are pending against the person;" (3) if the prosecutor filed an objection, consider the reasons against granting the application specified by the prosecutor in the objection; and (4) "[w]eigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.52(B)(2)(a)-(d).

{¶ 11} If the trial court determines that the indictment was dismissed, that no criminal proceedings are pending against the person, and that the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such record, the trial court must direct that all official records pertaining to the case be sealed and that the proceedings in the case be deemed not to have occurred. R.C. 2953.52(B)(4).

{¶ 12} The requirement of a hearing, as set forth in R.C. 2953.52(B), is mandatory. *State v. Davis*, 175 Ohio App.3d 318, 2008-Ohio-753, 886 N.E.2d 916, ¶ 18 (2d Dist.); *State v. Rybarczyk*, 6th Dist. Wood Nos. WD-15-020, WD-15-021, 2015-Ohio-4211. *Accord State v. L.L.*, 2d Dist. Clark No. 2016-CA-74, 2017-Ohio-5489, ¶ 5 (failure to conduct a hearing required by R.C. 2953.32(B) requires reversal of trial court's decision

to deny application to seal the record).   In addition, the statute expressly requires the trial court to notify the prosecutor of the hearing, thus providing the prosecutor with an opportunity to file objections prior to the hearing.   R.C. 2953.52(B)(1).

{¶ 13} More fundamentally, due process generally requires that parties receive notice of a scheduled hearing.  *See, e.g., Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 124, 502 N.E.2d 599 (1986).   Although R.C. 2953.52 required that the prosecutor receive notice of the hearing on an application to seal the record, due process required that S.D.A, as the movant, also receive notice of any scheduled hearing on her application.   "Ohio courts have traditionally held that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact." *Ohio Valley Radiology Assoc.* at 124; *see also* Local Rule 1.15(B) of the Montgomery C.C.P. (requiring eFiling of all court-initiated filings, such as notices and orders, and service by eService).

{¶ 14} In this case, S.D.A. filed her application to seal the record, and the trial court apparently scheduled a hearing for January 10, 2017.  However, no scheduling entry was filed with the clerk of court, and there is no indication that S.D.A. and the prosecutor were otherwise notified of the hearing; S.D.A. did not appear.   At some point, the State became aware of the hearing, as it supplemented the record with the transcript of the hearing, but there is no indication that a prosecutor was present at the hearing and/or had received prior notice of the hearing; we can only speculate about when and how the State learned of the hearing.   On this record, we conclude that the trial court did not comply with the statutory requirements that it notify the prosecutor of the scheduled hearing and

that it provide S.D.A. with a hearing.

{¶ 15} S.D.A.'s assignment of error is sustained.

## III. Conclusion

{¶ 16} The trial court's judgment will be reversed, and the matter will be remanded

for further proceedings.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

Copies mailed to:

Alice B. Peters
Pamela L. Pinchot
Hon. Mary Katherine Huffman