[Cite as *State v. J.M.*, 2018-Ohio-2048.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106920**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**J.M.**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-82-174860-ZA

**BEFORE:** McCormack, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 24, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

By: Cullen Sweeney
Assistant Public Defender
310 Lakeside Ave., Ste. 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Diane Smilanick
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH  44113




TIM McCORMACK, P.J.:

{¶1}   Defendant-appellant J.M. appeals the trial court's denial of his application to seal official records without a hearing. The state, pursuant to Loc.App.R. 16(B), concedes the error.  We reverse and remand for a hearing on J.M.'s application to seal court records following dismissal of the charges.

{¶2}   In August 1982, J.M. was indicted for felonious assault.  In October 1982, upon the prosecutor's request, the case was nolled.  In February 2017, 35 years later, J.M. filed a motion to

seal court records following dismissal of the charges. The state opposed the motion, and the trial court denied the motion without a hearing.

{¶3} J.M. now appeals, raising one assignment of error for our review: the trial court erred when it denied appellant's application to seal his record without a hearing. In response, the state filed a notice of conceded error pursuant to Loc.App.R. 16(B), stating that it agrees that the trial court was required to hold a hearing and failed to do so.

{¶4} Upon the filing of an application to seal official records following the dismissal of proceedings, R.C. 2953.52(B)(1) provides that

> the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

R.C. 2953.52(B)(1); *State v. G.D.*, 8th Dist. Cuyahoga Nos. 104317 and 104328, 2016-Ohio-8148, ¶ 8. The hearing is a mandatory requirement under R.C. 2953.52(B) and therefore an application to seal records under this statute cannot be summarily denied. *State v. Davis*, 175 Ohio App.3d 318, 2008-Ohio-753, 886 N.E.2d 916, ¶ 19 (2d Dist.). The hearing is required in order to weigh the interests of the appellant and the state. *State v. Delgado*, 8th Dist. Cuyahoga No. 102653, 2015-Ohio-5256, ¶ 17.

{¶5} Here, the trial court summarily denied J.M.'s application in a one-sentence judgment without holding a hearing. The trial court therefore erred in failing to comply with the requirements of R.C. 2953.52(B).

{¶6} J.M.'s sole assignment of error is sustained.

**{¶7}** Judgment reversed and remanded for the trial court to consider J.M.'s application to seal the record in accordance with the procedure outlined in R.C. 2953.52(B).

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR