[Cite as *State v. T.A.*, 2018-Ohio-2406.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106921**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**T.A.**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-477202-A

**BEFORE:** Jones, J., E.A. Gallagher, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** June 21, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

BY: Cullen Sweeney
Assistant County Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Diane Smilanick
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant T.A. appeals the trial court's denial of his application to seal official records without a hearing. The state, pursuant to Loc.App.R. 16(B), concedes the error. We reverse and remand for a hearing on T.A.'s application to seal court records.

{¶2} In 2006, T.A. pleaded guilty to carrying concealed weapons. He was sentenced to one year of community control sanctions, fined $250, and ordered to pay court costs. In 2017, T.A. filed an application to seal his record of conviction pursuant to R.C. 2953.32(A)(1) and requested a hearing pursuant to R.C. 2953.32(B). The state opposed the motion and also requested a hearing. The trial court denied the motion without a hearing.

{¶3} T.A. now appeals, raising one assignment of error for our review: "The trial court erred when it denied Appellant's application to seal his record without a hearing." In response, the state filed a notice of conceded error pursuant to Loc.App.R. 16(B), stating that it agrees that the trial court was required to hold a hearing and failed to do so.

{¶4} R.C. 2953.52(B)(1) provides that upon the filing of an application to seal official records:

> the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

{¶5} The hearing is a mandatory requirement under R.C. 2953.52(B); an application to seal records under this statute cannot be summarily denied. *State v. J.M.*, 8th Dist. Cuyahoga No. 106920, 2018-Ohio-2048, ¶ 4, citing *State v. Davis*, 175 Ohio App.3d 318, 2008-Ohio-753, 886 N.E.2d 916, ¶ 19 (2d Dist.). The hearing is required in order to weigh the interests of the appellant and the state. *J.M.*, at *id.*, citing *State v. Delgado*, 8th Dist. Cuyahoga No. 102653,

2015-Ohio-5256, ¶ 17.

**{¶6}** Here, the trial court summarily denied T.A.'s application without holding a hearing. The trial court therefore erred in failing to comply with the requirements of R.C. 2953.52(B).

**{¶7}** T.A.'s sole assignment of error is sustained.

**{¶8}** Judgment reversed and remanded for the trial court to consider T.A.'s application to seal the record in accordance with the procedure outlined in R.C. 2953.52(B).

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR