[Cite as *State v. Gearhardt*, 2019-Ohio-391.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28088 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-2465 |
| | : | |
| MICHAEL S. GEARHARDT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of February, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BRYAN K. PENICK, Atty. Reg. No. 0071489 and JOSHUA R. SCHIERLOH, Atty. Reg. No. 0078325, 1900 Kettering Tower, 40 N. Main Street, Dayton, Ohio 45423
        Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the August 13, 2018 Notice of Appeal of Michael S. Gearhardt. Gearhardt appeals from the trial court's July 13, 2017 entry denying his motion to seal the record of his case. The State filed a notice of conceded error pursuant to Loc.R. 2.24 of the Second District Court of Appeals. We hereby reverse the judgment of the trial court and remand the matter for proceedings consistent with this opinion.

{¶ 2} Gearhardt was indicted on October 26, 2015, on two counts of possession of drugs (cocaine and heroin) (Counts 1 and 2); one count of illegal use or possession of drug paraphernalia (Count 3); four counts of driving while under the influence of alcohol and/or drugs (Counts 4 through 8); and one count of possession of hashish (Count 9).

{¶ 3} Gearhardt pled not guilty on November 10, 2015. On November 11, 2015, he filed a "Motion for Intervention in Lieu of Conviction." After a continuance, Gearhardt pled guilty on December 31, 2015, to Count 5, driving while under the influence of alcohol, a drug of abuse, or a combination of them, in violation of R.C. 4511.19(A)(1)(b), a misdemeanor of the first degree.

{¶ 4} On January 5, 2016, the trial court issued a "Decision and Order of Intervention in Lieu of Conviction," effective December 31, 2015, which provided:

On DECEMBER 31, 2015, pursuant to the defendant's Application for Intervention in Lieu of Conviction (ILC) filed in accordance with Section 2951.04 of the Ohio Revised Code, and the defendant having tendered a plea of guilty to the offense(s) of POSSESSION OF COCAINE (less than 5 grams)(F5); POSSESSION OF HEROIN (F5); DRUG PARAPHERNALIA

OFFENSE (M4); POSSESSION OF HASHISH (MM), under Ohio Revised Code Section 2925.11(A), 2925.14(C)(1), the Court concludes that the defendant is eligible for Intervention in Lieu of Conviction (ILC), withholds an adjudication of guilt and orders that all criminal proceedings be stayed.

(Emphasis omitted.)

{¶ 5} Also on January 5, 2016, the court issued a Judgment Entry of Conviction on the offense of operating a vehicle while under the influence of drugs, alcohol or combination of both (Count 5). The court sentenced Gearhardt to community control sanctions for a period not to exceed five years and imposed a requirement that he "abide by all terms and conditions imposed for Counts 1, 2, 3 and 9 (Possession of Cocaine (less than 5 grams)(F)(5); Possession of Heroin (F)(5); Drug Paraphernalia Offense (M4); Possession of Hashish (MM)(Granted ILC)." (Emphasis omitted.) The remaining charges were dismissed (Counts 4, 6, 7, and 8).

{¶ 6} On January 6, 2017, the trial court terminated Gearhardt's community control, finding that he had "abided by all the sanctions of community control previously imposed, and [was] rehabilitated to the extent that the community control period should be terminated." On January 26, 2017, the Court issued a "Termination Entry" which stated that Gearhardt had "successfully completed Intervention in Lieu of Conviction" and dismissed the case.

{¶ 7} On June 22, 2018, Gearhardt filed a motion to seal the record of his conviction and arrest pursuant to R.C. 2953.52(A)(1) and a supporting affidavit. The court set a hearing on the motion for July 19, 2018, but on July 9, 2018, the hearing was continued to August 2, 2018, due to a scheduling conflict of defense counsel.

{¶ 8} Inexplicably, on July 13, 2018, the court issued an entry denying the motion to seal the record. The court determined that Gearhardt "does not meet the criteria according to R.C. 2953.52(B)(2)." The court found that there "appear[ed] to be a governmental need to maintain the record of dismissal." The court noted:

Mr. Gearhardt was granted ILC on Counts 1, 2, 3, and 9 of the indictment on December 31, 2015, and successfully completed it on January 26, 2017, and [these counts] of the indictment [were] dismissed. He was granted community control sanctions on Count 5 on December 31, 2015, and was granted a complete termination of probation on January 26, 2017. Counts 4, 6, 7, and 8 were dismissed on December 31, 2015. As the OVI conviction is by statute not a sealable offense, the record of Dismissal as to counts 1, 2, 3, and 9 of this case should be maintained as the result of or in connection with the same act that supports a conviction, when the records of conviction are not sealable.

{¶ 9} Gearhardt asserts two assignments of error on appeal, which we will consider together. They are as follows:

THE TRIAL COURT ERRED WHEN IT DETERMINED GEARHARDT WAS NOT ELIGIBLE TO SEAL DISMISSED CHARGES.

THE TRIAL COURT COULD NOT DETERMINE WHETHER GEARHARDT'S DISMISSED CHARGES WERE PRECLUDED FROM BEING SEALED BY R.C. § 2953.61 WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING.

{¶ 10} Gearhardt "acknowledges his OVI conviction cannot be sealed" pursuant

to R.C. 2953.36(A)(2). However, he asserts that R.C. 2953.52 authorized the trial court to seal criminal records related to Gearhardt's dismissed charges, regardless of his OVI conviction, subject to the provisions found in R.C. 2953.61. Gearhardt further asserts that the "trial court could not overrule [his] application to seal records without holding an evidentiary hearing." He acknowledges that "if the record of one charge cannot be sealed, any charges filed as a result of or in connection with the act that resulted in the unsealable charg[e] cannot be sealed. However, to make that determination, a trial court is required to make specific factual findings that can only be made following a hearing." Gearhardt seeks a remand for a hearing.

{¶ 11} The State concedes that Gearhardt was entitled to a hearing on his motion to seal records and that this case should be remanded to allow the trial court to hold a hearing and make the necessary findings.

{¶ 12} R.C. 2953.52 provides:

(A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

* * *

(B)(1) Upon the filing of an application pursuant to division (A) of this

section, the court *shall set a date for a hearing* and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court shall do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

(Emphasis added.)

{¶ 13} R.C. 2953.61 provides:

(A) Except as provided in division (B)(1) of this section, a person charged with two or more offenses as a result of or in connection with the same act may not apply to the court pursuant to section 2953.32 or 2953.52 of the Revised Code for the sealing of the person's record in relation to any of the charges when at least one of the charges has a final disposition that is different from the final disposition of the other charges until such time as the person would be able to apply to the court and have all of the records pertaining to all of those charges sealed pursuant to section 2953.32 or 2953.52 of the Revised Code.

(B)(1) When a person is charged with two or more offenses as a result of or in connection with the same act and the final disposition of one, and only one, of the charges is a conviction under any section of Chapter 4507., 4510., 4511., or 4549., other than section 4511.19 or 4511.194 of the Revised Code, or under a municipal ordinance that is substantially similar to any section other than section 4511.19 or 4511.194 of the Revised Code contained in any of those chapters, and if the records pertaining to all the other charges would be eligible for sealing under section 2953.52 of the Revised Code in the absence of that conviction, the court may order that

the records pertaining to all the charges be sealed. In such a case, the court shall not order that only a portion of the records be sealed.

{¶ 14} The State further directs our attention to *State v. Davis*, 175 Ohio App.3d 318, 2008-Ohio-753, 886 N.E.2d 916, ¶ 18 (2d Dist.) ("This court has held that the requirement of a hearing, as set forth in R.C. 2953.52(B) is mandatory * * *."). The State asserts that it "very well may be the case that all of Gearhardt's offenses arise 'as a result of or in connection with' the OVI, and are, therefore, unsealable. But the court made no such findings of fact. In other words, the record, as it stands, does not support any decision on [the merits of] Gearhardt's motion. The solution is to remand for a hearing."

{¶ 15} Based upon the foregoing, Gearhardt's assigned errors are sustained. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Bryan K. Penick
Joshua R. Schierloh
Hon. Mary L. Wiseman