[Cite as *State v. B.K.H.*, 2021-Ohio-3610.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29101 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-1678 |
| | : | |
| B.K.H. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of October, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

B.K.H., Dayton, Ohio 45403
      Defendant-Appellee, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Montgomery County Court of Common Pleas which granted an application to seal records filed by defendant-appellee B.K.H. For the reasons that follow, the judgment of the trial court is reversed, and this matter is remanded for further proceedings.

## I.    Facts and Procedural Background

{¶ 2} B.K.H. was originally charged in Dayton Municipal Court with one felony count of domestic violence. In June 2017, a report of a no true bill was filed with the Common Pleas Court in Montgomery C.P. No. 2017-CR-1678.

{¶ 3} On March 26, 2021, B.K.H., acting pro se, filed a form "application for sealing of record, after not guilty finding, dismiss [sic] of proceedings or no true bill O.R.C. 2953.52(A)." On April 8, 2021, the trial court granted the application.

{¶ 4} The State filed a motion seeking leave to appeal in accord with R.C. 2945.67(A) and App.R. 5(C). B.K.H. did not file a response or objection thereto. This court granted the motion, and on April 23, 2021, the State filed a timely notice of appeal.

## II.    Analysis

{¶ 5} The State presents the following as its sole assignment of error:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO COMPLY WITH R.C. 2953.52(B)(1) AND GRANTED B.K.H.'S APPLICATION TO SEAL HIS RECORDS WITHOUT SETTING OR HOLDING A HEARING.

{¶ 6} The State asserts that the trial court erred in granting the application to seal

the record under R.C. 2953.52 because it failed to comply with the statutory mandate for notice and a hearing on the matter.

{¶ 7} R.C. 2953.52(A)(2) permits "[a]ny person, against whom a no bill is entered by a grand jury, [to] apply to the court for an order to seal his official records in the case * * * at any time after the expiration of two years after the date on which the foreperson or deputy foreperson of the grand jury reports to the court that the grand jury has reported a no bill." "Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application." R.C. 2953.52(B)(1).

{¶ 8} There is no indication in the trial court's docket that the trial court scheduled or held a hearing on B.K.H.'s application, and there is nothing in the record to show the prosecutor received notice of a hearing.

{¶ 9} The Ohio Supreme Court has "repeatedly recognized that use of the term 'shall' in a statute or rule connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary." (Citations omitted.) *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 28. Thus, "[t]he requirement of a hearing, as set forth in R.C. 2953.52(B), is mandatory." *State v. S.D.A.*, 2d Dist. Montgomery No. 27447, 2017-Ohio-8415, ¶ 11, citing *State v. Davis*, 175 Ohio App.3d 318, 2008-Ohio-753, 886 N.E.2d 916, ¶ 18 (2d Dist.); *State v. Rybarczyk*, 6th Dist. Wood Nos. WD-15-020, WD-15-021, 2015-Ohio-4211. "In addition,

the statute expressly requires the trial court to notify the prosecutor of the hearing, thus providing the prosecutor with an opportunity to file objections prior to the hearing. R.C. 2953.52(B)(1)." *S.D.A.* at ¶ 11.

{¶ 10} In general, an appellate court reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard. *State v. Norfolk*, 10th Dist. Franklin No. 04AP-614, 2005-Ohio-336, ¶ 4, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001). However, with issues involving a question of law, an appellate court reviews the trial court's determination de novo. *Id.*, citing *State v. Derugen*, 110 Ohio App.3d 408, 410, 674 N.E.2d 719 (3d Dist.1996).

{¶ 11} Because the court failed to give notice to the prosecutor and to hold a hearing as required by statute, the State was prevented from objecting or presenting evidence in opposition to B.K.H.'s application. This constituted error as a matter of law.

{¶ 12} The State's sole assignment of error is sustained.

### III.     Conclusion

{¶ 13} The judgment of the trial court is reversed, and this matter is remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
B.K.H.
Hon. Dennis J. Adkins